COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Willis and Bray
Argued at Norfolk, Virginia


CALVIN ALONZO McGILL
                                        OPINION
v.        Record No.  0376-96-1     BY JUDGE JOSEPH E. BAKER
                                        MAY 20, 1997
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                    John C. Morrison, Jr., Judge

              Robert L. Bohannon (Bohannon, Bohannon &
              Hancock, P.C., on brief), for appellant.

              Margaret Ann B. Walker, Assistant Attorney
              General (James S. Gilmore, III, Attorney
              General, on brief), for appellee.



     Calvin Alonzo McGill (appellant) contends that because he

did not personally wear a mask while participating in several

robberies, he was erroneously convicted pursuant to three

separate indictments that charged he violated the provisions of

Code § 18.2-422.  In relevant part, that code section provides:
              It shall be unlawful for any person over
              sixteen years of age while wearing any mask,
              hood or other device whereby a substantial
              portion of the face is hidden or covered so
              as to conceal the identity of the wearer, to
              be or appear in any public place, or upon any
              private property in this Commonwealth without
              first having obtained from the owner or
              tenant thereof consent to do so in writing.


The indictments asserted that appellant "did unlawfully wear a

mask or hood, in a public place."[1]  In a bench trial by the
_____
     [1]Although appellant never personally wore a mask in the
robberies and attempted robbery, Code § 18.2-18 states that "every
principal in the second degree . . . may be indicted . . . as if a
principal in the first degree."

Circuit Court of the City of Norfolk (trial court), appellant was convicted of four counts of robbery, one count of attempted robbery, five counts of use of a firearm in commission of those felonies,[2] and three counts of violation of Code § 18.2-422 during three of the robberies committed or attempted in a public place.

Upon familiar principles, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). Viewed accordingly, the record discloses that prior to committing the offenses involved in this appeal, appellant and a codefendant, Samuel Williams, known by his nickname as "Flip" (Flip), conspired to commit the robberies described herein. As the plan was being formulated, Flip told appellant that he wanted to use a mask while committing the crimes. Appellant owned a ski mask and a pistol. They went to appellant's house and procured the mask and the gun which appellant provided for Flip. Appellant also had procured an automobile owned by his girlfriend that was used to carry out the robbery plans made by appellant and Flip.

Upon being arrested, appellant confessed to his part in the

_____

[2]Appellant's petition for appeal was denied with respect to his convictions of four counts of robbery, one count of attempted robbery, and five counts of use of a firearm. Therefore, these convictions are not before this Court.

- 2 -

robberies and the attempted robbery and incriminated Flip as his co-conspirator. In several signed written statements, appellant told how he and Flip intended to commit the robberies. In one statement, he admitted that he drove Flip to the 3600 block of Pleasant Avenue in the Ocean View section of Norfolk at 11:20 p.m. on November 5, 1994. Appellant drove up to Julie Monahan, who was returning to her car after having delivered a pizza. Flip exited the car, pulled the ski mask over his face, brandished the gun, and robbed Monahan. At trial, Monahan corroborated the time, place, and manner of the crime. She also stated that the robber wore a ski mask. Appellant and Flip divided the money obtained in the robbery.

In another confession, appellant admitted that at 10:20 a.m. on November 6, 1994, he drove Flip to the public parking lot of a shopping mall to a point where Beverly Turner was placing groceries in her car. Flip exited the car, pulled the mask over his face, brandished the gun, and demanded money from Turner, who had none. Flip returned to the car in which he and appellant fled the scene. At trial, Turner corroborated the time, place, manner of the attempted crime, and that the robber wore a mask as he approached her and demanded that she give him her money.

Appellant further admitted that on that same day, after the unsuccessful attempt to rob Turner, he drove Flip up to Pam Hurley, who was returning to her car in the public parking lot of a grocery store. Flip again exited the car, pulled the ski mask

- 3 -

over his face, brandished the gun, and demanded that Hurley give him her purse. When Hurley complied, Flip returned to the car and appellant drove him from the crime scene. Appellant and Flip divided the money taken from the purse. At trial, Hurley testified that the robber had worn a mask in public, brandished a gun while demanding her purse, and drove off in the vehicle from which he had exited. Hurley gave investigating police officers the license number and description of the vehicle in which Flip had arrived and departed. From this information, the police were able to locate appellant and Flip.

In his several confessions, appellant admitted that he sat by in the getaway vehicle as the three crimes were carried out in his plain view and near proximity but stated that he never wore a mask as the crimes were being committed. The sole issue presented by this appeal is whether the foregoing evidence, viewed in the light most favorable to the Commonwealth, is sufficient to support appellant's convictions for violation of Code § 18.2-422. We find that it is sufficient and affirm the judgment of the trial court.

The judgment of the trial court is presumed correct, <u>Johnson v. Commonwealth</u>, 12 Va. 391, 396, 404 S.E.2d 384, 387 (1991), and we are required to affirm that judgment unless it is plainly wrong or without evidence to support it. Code § 8.01-680; <u>Higginbotham</u>, 216 Va. at 352, 218 S.E.2d at 537.

The evidence shows a common plan and scheme to commit

robberies.  It is clear that the evidence supports appellant's convictions for robbery, attempted robbery, and use of a firearm in the commission of those crimes.  In a long line of decisions by the Supreme Court of Virginia and this Court, defendants have been convicted of the principal crime when they were a part of a conspiracy, yet did not personally commit the criminal act.[3] Moreover, in a number of cases, defendants have been found guilty and punished as principal offenders when the evidence showed that only their codefendants used a firearm in the commission of a felony.[4]  In Cortner v. Commonwealth, 222 Va. 557, 281 S.E.2d 908 (1981), the Supreme Court affirmed a defendant's conviction for use of a firearm in the commission of a felony when he at no time possessed or used a gun.  Whereas the statute, Code § 18.2-53.1, prohibits "any person to use" a firearm while committing a crime, and Cortner "never actually possessed the gun" used in the robberies, Cortner "effectively 'used'" the gun in the hand of the codefendant.  On that basis, the Court affirmed his conviction.  Id. at 563, 281 S.E.2d at 911.

Appellant and Flip met and planned that the robberies would be committed using the vehicle under appellant's control; that

---

[3]See Riddick v. Commonwealth, 226 Va. 244, 308 S.E.2d 117 (1983); Washington v. Commonwealth, 216 Va. 185, 217 S.E.2d 815 (1975); Ward v. Commonwealth, 205 Va. 564, 138 S.E.2d 293 (1964).

[4]See Carter v. Commonwealth, 232 Va. 122, 348 S.E.2d 265 (1986); Fleming v. Commonwealth, 13 Va. App. 349, 412 S.E.2d 180 (1991); Rollston v. Commonwealth, 11 Va. App. 535, 399 S.E.2d 823 (1991).

appellant would drive Flip to and from the places where the crimes would occur; that appellant would supply a mask and a gun for Flip's use; and that appellant would drive Flip to the crime scenes and stand by to make the getaway. While appellant watched, Flip used the mask and the gun to further their plan; the gun was as much in appellant's hand and the mask as much on his face as if he personally possessed and used the items at the time of the offenses.

Asserting that appellant was a principal in the second degree in each of the felonies, the Commonwealth contends that appellant's convictions are clearly supported by the evidence. To hold an accused accountable as a principal in the second degree, the Commonwealth must show that the accused was present, aiding and abetting, and intended his or her words, gestures, signals, or actions to in some way encourage, advise, urge, or in some way help the person committing the crime to commit it. Ramsey v. Commonwealth, 2 Va. App. 265, 269, 343 S.E.2d 465, 468 (1986). If the accused is shown to be a principal in the second degree, the accused is subject to the same punishment as the actual perpetrator. Briley v. Commonwealth, 221 Va. 563, 572-73, 273 S.E.2d 57, 62-63 (1980).

Here, the evidence clearly shows that appellant shared Flip's criminal intent. In addition, appellant committed an overt act in furtherance of their plans when he supplied the mask so that Flip would not be identified and then, in a vehicle

controlled by appellant, drove Flip to the places where the crimes were committed. We hold that the evidence supports the trial court's findings that appellant was guilty as a principal in the second degree in the three counts of unlawfully wearing a mask in violation of Code § 18.2-422. Clearly, appellant was a principal in the second degree subject to the same punishment as the person who wore the mask, held the gun, and committed the robberies and attempted robbery.

Accordingly, for the foregoing reasons, we affirm the judgment of the trial court.

<u>Affirmed.</u>