COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Humphreys
Argued at Chesapeake, Virginia


CHARLES E. McINTYRE

                                    MEMORANDUM OPINION* BY
v.    Record No. 1720-00-1          JUDGE ROBERT P. FRANK
                                         JULY 17, 2001
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                     Randolph T. West, Judge

            Edward I. Sarfan (Sarfan and Nachman, L.L.C.,
            on brief), for appellant.

            Eugene Murphy, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Charles E. McIntyre (appellant) was convicted, in a bench

trial, of robbery, in violation of Code § 18.2-58, and use of a

firearm in the commission of a felony, in violation of Code

§ 18.2-53.1.  On appeal, appellant contends the trial court erred

in finding the evidence was sufficient to convict him.  Finding no

error, we affirm the trial court.

                        I.  BACKGROUND

     On August 22, 1998, Anthony Armstrong was washing his car at

a self-serve car wash in the City of Newport News when a dark

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Honda Accord twice circled the car wash. Armstrong testified that "instead of leaving, they were getting suspicious."

Appellant was the driver of the Honda Accord and pulled into the car wash bay next to Armstrong. There were brick walls between each bay, and Armstrong was not able to see the vehicle once it pulled into the bay next to his. A short male walked around the back side of the car wash and asked Armstrong a question. He then pulled a gun and pointed it at Armstrong's head. Armstrong backed up and bumped into a tall male behind him who pointed a gun to Armstrong's hip and said, "Give it up." Armstrong did not get a good look at the tall male and was only able to describe him as taller than himself and weighing approximately 150-160 pounds. The assailants took a watch, bracelet, work identification and cash from Armstrong. They struck Armstrong with a pistol as they left.

Once the suspects' car left, Armstrong walked across the street to the hotel to meet his girlfriend, got into his car and followed the suspects. At this time, he was able to see that appellant was the driver. Armstrong followed the car, but he could not catch it because of its speed. Armstrong followed the vehicle into a neighborhood where a "couple of guys" blocked appellant's vehicle long enough for Armstrong to obtain the license number. Armstrong told the individuals blocking appellant's car that the occupants were armed and "let them go."

-

Officer Collins of the Newport News Police Department stated that on August 22, 1998 at approximately 10:17 p.m., he received a "B.O.L." (be on the lookout) concerning a robbery for a dark green Honda with Virginia license plates RAK-5112. The vehicle was occupied by three black males. Just as the transmission ended, Officer Collins saw a vehicle that matched the description. The officer activated his emergency equipment, and the vehicle accelerated through an apartment complex. The vehicle stopped abruptly in the middle of the road. The two front doors and a rear door opened, and three suspects fled the vehicle. Officer Collins chased appellant after he saw him exit the vehicle, maintaining visual contact the entire time. The area was well lit, and the officer was never more than twenty-five feet behind appellant. The officer never saw appellant make any throwing motions. Officer Collins caught appellant and immediately searched him. He did not locate any weapons nor did he locate the bracelet and watch belonging to Armstrong. Appellant had an identification card on him but no operator's license. Appellant spontaneously said that he ran because his license was suspended and he did not want to go back to jail.

Officer McArthur impounded the vehicle driven by appellant. A Pep Boys identification badge in the name of Armstrong was found in the back seat of the vehicle behind the front passenger seat. None of Armstrong's other property was recovered.

-

Curtis Davis, the second defendant in this robbery, was apprehended in a vacant storage shed and had a gun on his person. The third suspect was never apprehended.

Appellant testified that on August 22, 1998, his cousin, Curtis Davis, picked him up around 5:00 p.m. to go "riding around." Leroy Gardner, a friend of his cousin, was driving the car. They stopped at a Red Barn convenience store, and appellant began to drive the car. Approximately one hour later, Davis told appellant to pull into a car wash. Davis said he had to "ask the guy something" so appellant thought maybe Davis knew him. Appellant pulled into the bay next to Armstrong. Davis and Gardner got out of the car. Appellant stayed in the car and listened to music. Appellant testified the others never said anything to him about a robbery. Once Davis and Gardner walked around the brick wall to the other bay, appellant could not see them. After a few minutes, Davis and Gardner walked back and got in the car and said, "Come on." Appellant drove off. Davis then told appellant to go to his grandmother's house.

When asked about Armstrong's car chasing him, appellant responded, "I mean I didn't pay attention to nobody chasing or nothing. I was just driving." When asked about his car being blocked, appellant denied that his car was blocked in. On cross-examination, appellant was unable to explain why he pulled into the adjoining bay and not behind Armstrong's car.

-

Appellant admitted fleeing from the police vehicle because he did not have an operator's license.  He was on probation and was fearful that his probation would be revoked.

Michael Odum testified that he shared a cell with Davis for approximately two months at the beginning of 1999 and that appellant was in the same cell block.  During this time, Davis had numerous conversations with Odum and conversations with other individuals, which Odum overheard.  Davis told Odum that appellant "had no knowledge of the robbery or what they were going to do, because if he had, he wouldn't have went along with them."  At the conclusion of the Commonwealth's case and at the conclusion of all the evidence, appellant moved to strike the evidence.  The trial court denied both motions and convicted appellant of both charges.

## II.  ANALYSIS

Appellant contends the evidence only shows he drove the perpetrators to the scene of the robbery and that he did not have knowledge of the robbery and did not participate in the crime.

> When the sufficiency of the evidence is challenged on appeal, we determine whether the evidence, viewed in the light most favorable to the prevailing party, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense.  See Moore v. Commonwealth, 254 Va. 184, 186, 491 S.E.2d 739, 740 (1997); Derr v. Commonwealth, 242 Va. 413, 424, 410 S.E.2d 662, 668 (1991). "In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may

-

be drawn therefrom."  Watkins v. Commonwealth, 26 Va. App. 335, 349, 494 S.E.2d 859, 866 (1998).  The jury's verdict will not be set aside unless it is plainly wrong or without evidence to support it.  See Code § 8.01-680; Canipe v. Commonwealth, 25 Va. App. 629, 644, 491 S.E.2d 747, 754 (1997).

Griffin v. Commonwealth, 33 Va. App. 413, 417-18, 533 S.E.2d 653, 655 (2000).

One who is "present, aiding and abetting, and intend[s] his or her words, gestures, signals, or actions to in some way encourage, advise, urge, or in some way help the person committing the crime to commit it" is a principal in the second degree.  McGill v. Commonwealth, 24 Va. App. 728, 733, 485 S.E.2d 173, 175 (1997).  "[M]ere presence and consent will not suffice."  Underwood v. Commonwealth, 218 Va. 1045, 1048, 243 S.E.2d 231, 233 (1978).  The person "must share the criminal intent of the party who actually committed the [crime] or be guilty of some overt act in furtherance thereof."  Augustine v. Commonwealth, 226 Va. 120, 124, 306 S.E.2d 886, 889 (1983).

Rankins v. Commonwealth, 31 Va. App. 352, 372, 523 S.E.2d 524, 534 (2000).

[Circumstantial evidence] "is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt."  Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).  However, "the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant."  Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).  Whether a hypothesis of innocence is reasonable is a question of

-

fact. See Cantrell v. Commonwealth, 7 Va.
App. 269, 290, 373 S.E.2d 328, 339 (1988).

Crawley v. Commonwealth, 29 Va. App. 372, 375, 512 S.E.2d 169, 170-71 (1999).

It is uncontroverted that appellant drove the assailants to the scene and drove them away after the completion of the robbery. It is uncontroverted that appellant attempted to evade the police and, in fact, stopped his car and fled from the police. "Flight following the commission of a crime is evidence of guilt, and the jury may be so instructed." Clagett v. Commonwealth, 252 Va. 79, 93, 472 S.E.2d 263, 271 (1996) (citations omitted), cert. denied, 519 U.S. 1122 (1997).

Viewed in the light most favorable to the Commonwealth, appellant's evasive action in speeding away from the police and his flight from his car was for the purpose of concealing his identity as a principal in the second degree. The trial court rejected appellant's explanation for his flight.

Appellant further denied being chased by Armstrong and denied being blocked in by the bystanders. "'In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt.'" Snow v. Commonwealth, 33 Va. App. 766, 774, 537 S.E.2d 6, 10 (2000) (quoting Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) (citations omitted)).

Further, the trial court could reasonably infer that appellant knew of the robbery and that he parked his vehicle in the bay adjacent to Armstrong's location to conceal his presence and to enable his associates to approach Armstrong without detection.

The trial court properly concluded that appellant, as the driver of the vehicle, assisted the two assailants in committing the offenses.  For these reasons, finding the evidence sufficient to convict appellant, we affirm the judgment of the trial court.

<u>Affirmed.</u>

-