## Richmond

**JAMES R. BULLOCK v. COMMONWEALTH OF VIRGINIA.**

March 8, 1965.

Record No. 5938.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

*Herbert S. Reid, Jr.*, for the plaintiff in error.

*D. Gardiner Tyler, Assistant Attorney General (Robert Y. Button, Attorney General*, on brief), for the Commonwealth.

Per Curiam.

At the September, 1963, term of the court below James R. Bullock was indicted for the larceny of $1,596 from the Seaboard Citizens National Bank of Norfolk. Pursuant to Code (Repl. Vol. 1960), § 18.1-109, the attorney for the Commonwealth filed a statement in writing that in asking for conviction he would rely on Code (Repl. Vol. 1960), § 18.1-118. This latter section provides that "If any person obtain, by any false pretense or token, from any person, with intent to defraud, money or other property which

may be the subject of larceny, he shall be deemed guilty of larceny thereof; * * *."

The defendant filed a plea of *autrefois convict*, alleging that on October 16, 1963, he had been convicted in the same court of uttering at the Seaboard Citizens National Bank on January 30, 1962, a forged promissory note in the sum of $1,596; that under the present indictment he is charged with obtaining from the same bank on the same date the same amount of money by means of the same forged promissory note involved in the previous trial; and that his prior conviction "constitutes former jeopardy for the offense which he now stands indicted" and is a bar to the present prosecution.

In support of his plea the defendant offered the record in the former case showing his conviction of forging a note in the principal sum of $1,596, and uttering it by presenting it to the Seaboard Citizens National Bank on January 30, 1962.

In the trial on the special plea the lower court held that obtaining money by false pretense, which amounts to larceny under Code (Repl. Vol. 1960), § 18.1-118, is a separate and distinct offense from uttering a forged note for that amount. Accordingly, it overruled the defendant's special plea. Upon being arraigned the defendant pleaded not guilty. There was a trial before a jury which found the defendant guilty, as charged in the indictment, and fixed his punishment at confinement in the penitentiary for three years. Judgment was entered on the verdict. We granted the defendant a writ of error.

The main contention of the defendant on this appeal is that the lower court erred in overruling his plea of *autrefois convict*. He argues here, as he did in the lower court, that uttering the forged note for $1,596 by presenting it to the bank constitutes the same offense as obtaining that amount of money from the bank by means of the forged instrument.

We agree with the lower court that these acts do not constitute the same offense, and we so held in *Bateman* v. *Commonwealth*, 205 Va. 595, 600, 139 S. E. 2d 102, 106, decided subsequent to the granting of the writ of error in the present case.

For the same reason there is no merit in the defendant's contention that the present prosecution is barred by Code (Repl. Vol. 1960), § 19.1-259. The pertinent portion of this statute reads: "If the *same act* be a violation of two or more statutes, or of two or more ordinances, or of one or more statutes and also one or more ordinances, conviction under one of such statutes or ordinances shall be a bar to a

prosecution or proceeding under the other or others. * * *" (Emphasis added.)

Since, as we have said, uttering the forged note in violation of Code (Repl. Vol. 1960), § 18.1-96, is not the "same act" as obtaining money by means thereof in violation of § 18.1-118, *supra*, the present proceeding is not barred by § 19.1-259.

▆ The defendant's plea of *autrefois convict* must fail for another reason. It appears from the records of this court, of which we will take judicial notice (*Cunningham* v. *Hayes*, 204 Va. 851, 857, 134 S. E. 2d 271, 275, and authorities there cited), that the judgment of conviction of the defendant entered in the court below on October 16, 1963, and upon which he relies in his special plea, was on his petition for a writ of error reversed and the case remanded for a new trial by an order of this court entered on October 12, 1964. See *Bullock* v. *Commonwealth*, 205 Va. 558, 563, 138 S. E. 2d 261, 265. Hence the prior judgment of conviction, reversed at the instance of the defendant, cannot be pleaded in bar of the present proceeding. See *Cross* v. *Commonwealth*, 195 Va. 62, 63, 77 S. E. 2d 447, 448;    22 C. J. S., Criminal Law, § 272-a, p. 700; *Id.*, § 273, p. 705; 15 Am. Jur., Criminal Law, § 427, p. 89.

We find no error in the proceedings and the judgment is

*Affirmed.*