## Richmond

RONALD LOUIS JONES v. COMMONWEALTH OF VIRGINIA.

December 4, 1967.

Record Nos. 6535 and 6536.

Present, Eggleston, C.J., and Buchanan, Snead, I'Anson and Gordon, JJ.

*Stanley E. Sacks* (*Herman A. Sacks; Sacks, Sacks & Kendall*, on brief), for plaintiff in error in Record Nos. 6535 and 6536.

*A. R. Woodroof, Assistant Attorney General* (*Robert Y. Button, Attorney General*, on brief), for defendant in error in Record Nos. 6535 and 6536.

EGGLESTON, C.J., delivered the opinion of the court.

At the March, 1966 term of the lower court separate indictments

were found against Ronald Louis Jones. Indictment No. 1 charged that he "feloniously and burglariously did break and enter the dwelling house of one Bessie F. Brown * * * with intent then and there in said dwelling house feloniously and burglariously to commit robbery." Indictment No. 2 charged that he "on and upon one Bessie F. Brown * * * feloniously did make an assault, and by partial strangulation and by suffocation, and by striking and beating, and by other violence to the person of the said Bessie F. Brown, did feloniously attempt to commit the crime of robbery * * * with intent then and there by the means aforesaid, the goods, chattels and moneys of the said Bessie F. Brown, from the person, presence, custody and control and against the will of the said Bessie F. Brown, then and there feloniously and violently to steal, take and carry away."

Upon arraignment the defendant pleaded not guilty to each of the indictments. By consent of the parties and with the concurrence of the trial court a jury was waived and the two cases were heard together by the court. At the conclusion of the Commonwealth's evidence, and the conclusion of all of the evidence, the defendant, by counsel, moved to strike the Commonwealth's evidence on the ground of its insufficiency to sustain his conviction. These motions were overruled and the court found "the defendant guilty of burglary as charged in Indictment numbered One and guilty of attempt to commit robbery as charged in Indictment numbered Two." After consideration of a probation report a single judgment order was entered sentencing the defendant to confinement in the penitentiary for a term of five years on Indictment No. 1 and one year on Indictment No. 2, the sentences to run consecutively, subject to a credit for time spent in jail awaiting trial.

On appeal the defendant contends that (1) the evidence was insufficient to sustain the conviction under either indictment, and (2) he could not be found guilty and punished under both indictments, because, he says, the alleged breaking and entering the dwelling house of Bessie F. Brown in the nighttime with the intent to rob her and the alleged attempted robbery were "one continuous act" and constituted a single offense for which only one penalty may be imposed.

The evidence stated in the light most favorable to the prosecution is this: On January 27, 1966 Bessie F. Brown, an elderly woman who resided on Middle Avenue in the city of Norfolk, notified the police that she had heard that her "house was going to be robbed" and asked for protection. Acting on this information, Detective D. C.

Scott and another police officer were sent to the Brown residence. They arrived about 9:15 P. M., and Detective Scott took a position at a window in the living room where he could not be seen from the outside but could observe the street. The other officer took a position in the dining room from which he operated a radio telephone, while Mrs. Brown stood in the hall at the front door.

A few minutes later Detective Scott saw Jones and another man, later identified as Waddell Flood, walking along the street toward the Brown house. Both men walked up the steps and onto the porch. One of the men knocked on the door and said that he had a telegram for Mrs. Brown. She opened the door and an envelope was handed to her. Flood jumped through the door and grabbed her. Detective Scott immediately came to her rescue, knocked Flood down, and subdued him.

After leaving Flood in the custody of the other officer, Scott went through the front door in the effort to apprehend Jones whom he had seen standing on the porch. However, when he reached the porch Jones fled and Scott was unable to overtake him. By radio telephone Scott notified other police officers in the vicinity of Jones' escape and asked their assistance in apprehending him. Within five minutes thereafter Jones was picked up by an officer about one block from the Brown house. Jones was taken to the Brown house and was positively identified by Scott as one of the two men he had seen come onto the porch just before Flood's entrance. When searched Jones was found to be carrying on his person a straight razor in a brown leather case.

At the trial Jones denied that he was with Flood at the time of the alleged burglary and attempted robbery. He said that at the time of his apprehension he was returning home from a neighborhood restaurant. While he admitted at the trial that he was at Flood's home about two hours prior to the incident which had occurred at the Brown house, he further admitted that he had previously testified falsely in the police court that he did not know Flood and had not been with him during the day of the alleged offense.

A principal in the first degree is the actual perpetrator of the crime. A principal in the second degree, or an aider or abettor as he is sometimes termed, is one who is present, actually or constructively, assisting the perpetrator in the commission of the crime. In order to make a person a principal in the second degree actual participation in the commission of the crime is not necessary. The test is whether

or not he was encouraging, inciting, or in some manner offering aid in the commission of the crime. If he was present lending countenance, or otherwise aiding while another did the act, he is an aider and abettor or principal in the second degree. 1A Mich. Jur. Accomplices and Accessories §§ 3, 4, pp. 64, 65, and cases there collected.

Code § 18.1-11 [Repl. Vol. 1960] provides: "In the case of every felony, every principal in the second degree and every accessory before the fact may be indicted, tried, convicted and punished in all respects as if a principal in the first degree, * * * ."

In the present case the trial court sustained the contention of the Commonwealth that Jones, although not the actual perpetrator of the crimes of burglary and attempted robbery, was present lending countenance while Flood perpetrated the acts. The defendant admits that Detective Scott's positive identification of him warrants the court's finding that he was present at the scene. But he contends on appeal, as he did in the trial court, that such evidence merely shows that he (Jones) was present while Flood perpetrated the crimes and fails to show that he was the aider and abettor in the commission of the offenses.

[1] It is, of course, well settled that mere presence and consent are not sufficient to constitute one an aider and abettor in the commission of a crime. "There must be something done or said by him showing (a) his consent to the felonious purpose and (b) his contribution to its execution. To make him an aider or abettor, he must be shown to have 'procured, encouraged, countenanced, or approved' the commission of the crime. * * * To constitute one an aider and abettor, it is essential that he share the criminal intent of the principal or party who committed the offense." 1A Mich. Jur. Accomplices and Accessories § 4, pp. 66, 67, and cases there collected.

As was said in *Triplett v. Commonwealth*, 141 Va. 577, 586, 127 S. E. 486, 489, "To constitute one an aider and abettor, he must be guilty of some overt act, or he must share the criminal intent of the principal or party who commits the crime." See also, *Stone v. Commonwealth*, 176 Va. 570, 576, 11 S. E. 2d 728, 730, 731, and cases there cited; *Foster v. Commonwealth*, 179 Va. 96, 100, 18 S. E. 2d 314, 316.

In the present case the evidence adduced by the Commonwealth falls short of this requirement. There is no showing of any overt act by Jones which indicated his participation in the illegal conduct of Flood. Nor is there any direct evidence that Jones shared the crim-

inal intent of Flood. There is no evidence from either Mrs. Brown or the police officers that Jones was involved in a plot to burglarize the Brown house. There is no evidence that Mrs. Brown had any money or other valuable property at her home, or that Jones thought she had such.

The only evidence which would tend to support the inference that Jones was acting in concert with Flood is the fact that the two men were together a short time before the incident, approached the Brown house together and walked onto the porch, and that Jones remained on the porch while Flood entered the house and attacked Mrs. Brown. But as we have frequently said, mere presence of a party when a crime is committed is not sufficient to constitute one an aider and abettor in the commission of a crime. *Snyder* v. *Commonwealth*, 202 Va. 1009, 1015, 121 S. E. 2d 452, 457, and cases there cited.

[2] At the trial below and on appeal the Commonwealth stressed the fact that Jones fled the scene when he observed that the police officer had interrupted Flood's attack on Mrs. Brown. It is true that we have said that evidence of flight to avoid arrest is admissible as tending to show consciousness of guilt on the part of the accused. *Sturgis* v. *Commonwealth*, 197 Va. 264, 268, 88 S. E. 2d 919, 921; *Bowie* v. *Commonwealth*, 184 Va. 381, 392, 35 S. E. 2d 345, 350, and cases there cited. But as we pointed out in *Jenkins* v. *Commonwealth*, 132 Va. 692, 696, 111 S. E. 101, 25 A. L. R. 882, the flight of an accused does not raise a presumption of guilt but is only a circumstance to be considered by the jury or fact-finding court along with other facts and circumstances tending to establish the guilt of the accused.

The evidence on behalf of the Commonwealth amounts to this: Jones came to the Brown house in company with Flood, the actual perpetrator of the crimes, was present during the commission of the offenses, and fled the scene in order to escape arrest. While these related circumstances create a strong suspicion that Jones was an aider and abettor in the commission of the offenses, they do not support such a conclusion beyond a reasonable doubt. See *United States* v. *Paige*, 4 Cir., 324 F. 2d 31, 32, where it was held that mere presence at the perpetration of a crime and flight from the scene are not sufficient to prove *particeps criminis* beyond a reasonable doubt.

[3] Since there may be a new trial it is pertinent that we decide whether the defendant may be found guilty and punished under

both indictments as charging separate offenses, or whether, as he contends, the alleged offenses were one continuous act and constituted a single offense for which only one penalty may be imposed.

It is well settled that two or more distinct and separate offenses may grow out of a single incident or occurrence, warranting the prosecution and punishment of an offender for each. 22 C. J. S. Criminal Law § 9(1), p. 20, *ff.*; 21 Am. Jur. 2d, Criminal Law § 189, p. 243; 2 Mich. Jur. Autrefois, Acquit and Convict § 18, p. 641.

In *Henson* v. *Commonwealth*, 165 Va. 821, 183 S. E. 435, a conviction of manslaughter in the operation of a motor vehicle was sustained. In the companion case of *Henson* v. *Commonwealth*, 165 Va. 829, 183 S.E. 438, a conviction of violation of the "hit and run statute" arising out of the same accident was likewise sustained. See also, *Dykeman* v. *Commonwealth*, 201 Va. 807, 113 S. E. 2d 867 (sustaining convictions for manslaughter while driving a car and driving the vehicle recklessly); *Hundley* v. *Commonwealth*, 193 Va. 449, 69 S. E. 2d 336 (recklessly driving an automobile and driving the vehicle while under the influence of intoxicants); *Miles* v. *Commonwealth*, 205 Va. 462, 138 S. E. 2d 22 (reckless driving and failing to yield the right of way); *Bullock* v. *Commonwealth*, 205 Va. 867, 140 S. E. 2d 821 (uttering at a particular bank a forged promissory note for the purpose of obtaining the amount of money represented by the note, and obtaining that amount from the bank by means of the note).

In *Clark* v. *Commonwealth*, 135 Va. 490, 496, 115 S. E. 704, it was held that where the defendant was charged in a single-count indictment with breaking and entering a railroad car with intent to commit larceny therein and the commission of the larceny, he might be convicted of either offense but not of both. See also, *Branch* v. *Commonwealth*, 184 Va. 394, 35 S. E. 2d 593, and *Smyth* v. *Morrison*, 200 Va. 728, 107 S. E. 2d 430, relied on by the defendant. Each of these cases involved a *single-count* indictment charging the defendant with separate offenses arising out of the same transaction. But in *Clark* v. *Commonwealth, supra*, we affirmed the holding in *Benton* v. *Commonwealth*, 91 Va. 782, 788, 21 S. E. 495, that "[i]f it is desired to punish for both offenses in a case of this kind, there must be inserted in the indictment a separate count for the larceny, as was done in *Speers' Case*." 135 Va. at 496.

In *Speers* v. *Commonwealth*, 17 Gratt. (58 Va.) 570, the defendant was charged in separate counts in an indictment with breaking and

entering a house with intent to steal and stealing therefrom. The jury found him guilty on each count and fixed a separate punishment for each offense. On appeal the indictment was held good and the judgment affirmed.

Surely, if a defendant may be convicted of separate offenses arising out of a single incident where charged in separate counts in the same indictment, he may be convicted of such separate offenses where, as here, they are charged in separate indictments. Indeed, we have sustained that view. In the companion cases of *Henson* v. *Commonwealth, supra* (165 Va. 821, 183 S. E. 435; 165 Va. 829, 183 S. E. 438), separate convictions under separate indictments for manslaughter and leaving the scene of the accident, respectively, arising out of the same accident were sustained, because, we said, the two indictments charged and the evidence showed the commission of separate and distinct offenses. 165 Va. at 832, 183 S. E. at 439.

In *Hundley* v. *Commonwealth, supra,* we pointed out that, "A test of the identity of acts or offenses is whether the same evidence is required to sustain them; if not, then the fact that several charges relate to and grow out of one transaction or occurrence does not make a single act or offense where two separate acts or offenses are defined by statute, as in the instant case." 193 Va. at 451, 69 S. E. 2d at 337. See also, *Henson* v. *Commonwealth, supra,* 165 Va. at 832, 183 S. E. at 439; *Bateman* v. *Commonwealth,* 205 Va. 595, 600, 139 S. E. 2d 102, 106; 22 C. J. S. Criminal Law § 9(1), p. 25; 21 Am. Jur. 2d, Criminal Law § 182, p. 239.

Clearly, in the present case the charge of breaking and entering with intent to commit robbery, alleged in Indictment No. 1, is a separate and distinct offense from the attempted robbery charged in Indictment No. 2, although both charges arise out of the same incident. The same evidence is not required to sustain both charges. The defendant may have broken and entered with the intent to commit robbery and yet may not have carried out that intent and attempted the robbery.

Neither do we think that the conviction of the defendant for breaking and entering with intent to commit robbery as charged in one indictment is a bar, under Code § 19.1-259 [Repl. Vol. 1960],[1] to

---

[1] The pertinent portion of this statute reads: "If the same act be a violation of two or more statutes, * * * conviction under one of such statutes * * * shall be a bar to a prosecution or proceeding under the other or others." This provision was incorporated in our statute by the Revisors of the Code of 1919. See Revisors' Note, Code of 1919, § 4775.

his prosecution for attempted robbery as charged in the second indictment. This is so because the evidence does not show that in both instances the defendant committed the "same act" within the meaning of the statute. On the contrary, it shows the commission of separate and distinct acts, although arising out of the same incident. See *Hundley* v. *Commonwealth, supra,* 193 Va. at 451, 452, 69 S. E. 2d at 337.

Consequently, we do not agree with the suggestion in a dictum in *Jones* v. *Cunningham,* 4 Cir., 313 F. 2d 347, 350, that the charge and conviction of breaking and entering a place of business is a bar under Code § 19.1-259, to a charge of larceny of articles from that place of business.

We hold that the defendant may be tried under both indictments and if found guilty punished under both.

For these reasons the judgment order complained of is reversed and the cases are remanded for a new trial in conformity with the principles here stated.

*Reversed and remanded.*