COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Bumgardner
Argued at Richmond, Virginia


MELVIN WAYNE BLANKENSHIP, JR.

MEMORANDUM OPINION[*] BY

v.    Record No. 1112-99-3          JUDGE LARRY G. ELDER
                                       APRIL 25, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Mosby G. Perrow, III, Judge

Randy V. Cargill (Philip B. Baker; Magee,
Foster, Goldstein & Sayers, P.C.; Sanzone &
Baker, P.C., on brief), for appellant.

Kathleen B. Martin, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Melvin Wayne Blankenship, Jr. (appellant) was convicted in

a jury trial for robbery, three counts of abduction and three

related counts of use of a firearm.  The Commonwealth's theory

of the case was that appellant was a principal in the second

degree to these offenses, which were committed by appellant's

brother, his codefendant at trial.  The indictments on which

appellant was tried alleged that he committed the offenses

"together with [his brother,] Brian Keith Blankenship."  On

appeal, appellant contends the evidence necessarily was

insufficient to sustain his conviction because the jury, by

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

acquitting Brian Blankenship, found the evidence insufficient to prove commission of the offenses by the principal and, in any event, because the evidence established merely that appellant was present near the crime scene without proving he aided and abetted the principal in the commission of the crimes.  In addition, he contends the acquittal of the principal resulted in a fatal variance between the indictments and the proof where the indictments alleged that appellant committed the crimes "together with [his brother]."  We assume without deciding that appellant properly preserved these issues for appeal.  We hold the evidence was sufficient to establish that appellant's brother was the principal, despite his acquittal, such that no fatal variance existed between the indictments and the proof. Because the jury had the power to render inconsistent verdicts, we affirm appellant's convictions.

On appellate review, we examine the evidence in the light most favorable to the Commonwealth, and we may not disturb the jury's verdict unless it is plainly wrong or without evidence to support it.  See Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).  On issues of witness credibility, we defer to the conclusions of "the fact finder[,] who has the opportunity of seeing and hearing the witnesses."  Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985). Any element of an offense may be proved by circumstantial evidence.  See Coleman v. Commonwealth, 226 Va. 31, 53, 307

-

S.E.2d 864, 876 (1983).  "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt."  Id.  Intent may, and usually must, be proven by circumstantial evidence, see Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988), such as a person's conduct and statements, see Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 476 (1989).

The Commonwealth's theory of the case was that appellant was a principal in the second degree.  A principal in the second degree is one who is "present, aiding and abetting, and intend[s] his or her words, gestures, signals, or actions to . . . encourage, advise, urge, or in some way help the person committing the crime to commit it."  McGill v. Commonwealth, 24 Va. App. 728, 733, 485 S.E.2d 173, 175 (1997).  "[M]ere presence and consent are not sufficient to constitute one an aider and abettor in the commission of a crime."  Jones v. Commonwealth, 208 Va. 370, 373, 157 S.E.2d 907, 909 (1967).  To be a principal in the second degree, one must "share the criminal intent of the . . . party who committed the offense."  Id.  Finally, a principal in the second degree is liable for the same punishment as the person who commits the crime.  See Code § 18.2-18.  At appellant's trial, the jury was instructed in keeping with these principles.

-

Appellant contends the jury's acquittal of his brother Brian Blankenship necessarily established the evidence was insufficient to prove him guilty as a principal in the second degree. We disagree for two reasons.[1]

First, although the Commonwealth must prove a principal in the first degree <u>committed</u> the underlying offense, <u>see</u> <u>Sult v. Commonwealth</u>, 221 Va. 915, 918, 275 S.E.2d 608, 609 (1981), "<u>conviction</u> of [the] principal in the first degree is not a condition precedent" to convicting the accessory, <u>Dusenbery v. Commonwealth</u>, 220 Va. 770, 771-72, 263 S.E.2d 392, 393 (1980). Here, the evidence was sufficient to support a finding by the jury that Brian Blankenship committed the charged offenses as a principal in the first degree. Appellant told Jonathan Smith that he and his brother robbed the Winn Dixie store on Timberlake. Appellant reported that his brother held a bandana to his face, carried a pellet gun, and ordered the three occupants of the store into the cooler. The manager of the Winn Dixie store, Tate Easter, testified to these same events, including the description of the bandana. He also said the robber displayed a handgun and ordered him and the other two employees into the cooler. Easter said the robber looked like appellant's brother but that he could not positively identify him. The clothing appellant's brother was wearing that day and

---

[1] As set out above, we assume without deciding that appellant properly preserved this issue for appeal.

-

his tanned appearance also matched Easter's description of the robber.  This evidence was sufficient to support a finding that Brian Blankenship committed the charged offenses as a principal in the first degree.

The fact that the jury did not, in fact, convict Brian Blankenship does not render its conviction of appellant erroneous.  It is well established in Virginia law that inconsistent verdicts rendered by a jury do not constitute reversible error.  See, e.g., Tyler v. Commonwealth, 21 Va. App. 702, 707-09, 467 S.E.2d 294, 296-97 (1996).

> "'The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt [on the charge for which they did convict].  We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity.'"  . . . [J]uries may reach inconsistent verdicts through mistake, compromise, or lenity, but in such instances it is "unclear whose ox has been gored," the government's or the [convicted] defendant's.  For this reason and the fact that the government is precluded from appealing the acquittal verdict, the Court concluded that inconsistent verdicts should not provide the basis for an appeal by the [convicted] defendant.

Wolfe v. Commonwealth, 6 Va. App. 640, 647-48, 371 S.E.2d 314, 318 (1988) (quoting United States v. Powell, 469 U.S. 57, 63, 65, 66, 105 S. Ct. 471, 475, 477, 83 L. Ed. 2d 461 (1984)

-

(quoting Dunn v. United States, 284 U.S. 390, 393, 52 S. Ct. 189, 190, 76 L. Ed. 2d 356 (1932))).

The issue of inconsistent verdicts implicates no constitutional guarantee. See id. at 648, 371 S.E.2d at 318. As long as the evidence supports both verdicts, they "will be upheld, despite the apparent inconsistency." Pugliese v. Commonwealth, 16 Va. App. 82, 96, 428 S.E.2d 16, 26 (1993). In Virginia, these principles have heretofore been applied only to inconsistent verdicts rendered against a single defendant. We hold that they apply equally to inconsistent verdicts involving more than one defendant. See Harris v. Rivera, 454 U.S. 339, 102 S. Ct. 460, 70 L. Ed. 2d 530 (1981) (in denying habeas petition, holding that even inconsistent verdicts as against two defendants in a nonjury criminal trial are constitutional but noting that states may, if they so desire, set a higher standard in direct appeals).

Finally, we hold the evidence was sufficient to prove appellant actively aided and abetted his brother's commission of the offenses, thereby supporting appellant's convictions as a principal in the second degree. The evidence, viewed in the light most favorable to the Commonwealth, included appellant's admission to Jonathan Smith that he and his brother robbed the Winn Dixie store, even though appellant remained outside the store when his brother went inside. This statement permits the inference that appellant shared his brother's criminal intent,

-

even though he remained outside during the commission of the offenses.  See Jones, 208 Va. at 373, 157 S.E.2d at 909.

Other circumstantial evidence supported this finding. Before the robbery, appellant was using drugs, owed back child support and took money from his girlfriend without her permission, establishing a motive for commission of the crimes. Appellant, as a prior assistant manager of the Winn Dixie store, knew the combination to the store's safe and the procedure for opening the safe.  Just prior to the robbery, money had been found missing from the safe and other locations following appellant's shifts.  For this and other reasons, appellant was moved to another position in the store which did not give him access to the safe or other money sources in the ordinary course of his work.  After the robbery, appellant took Jonathan Smith to a location in the woods where the stolen money was later found hidden, and appellant was able to pay over $1,000 in debts he owed to his girlfriend and Smith.  These circumstances, coupled with appellant's admission to Smith that he and his brother had robbed the Winn Dixie, were sufficient to support his convictions.

Finally, we hold that no fatal variance occurred between the language in the indictments and the proof offered at trial. As set out with our discussion of inconsistent jury verdicts above, the evidence was sufficient to support the conviction of Brian Blankenship as a principal in the first degree, even

-

though he was not so convicted.  Because the proof conformed to the allegations in the indictment, we need not decide whether any of the language therein constituted surplusage.

For these reasons, we hold that the evidence was sufficient to support appellant's convictions for the charged offenses as a principal in the second degree and that the jury's concomitant decision to acquit appellant's brother did not render appellant's convictions improper.  Therefore, we affirm appellant's convictions.

<u>Affirmed.</u>

-