COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Elder and Bumgardner
Argued at Richmond, Virginia


KELLI RENEE EDMONDS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2176-03-2            JUDGE RUDOLPH BUMGARDNER, III
                                                    OCTOBER 5, 2004

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Cleo E. Powell, Judge

Randy B. Rowlett (Gordon, Dodson, Gordon & Rowlett, on brief),
for appellant.

Amy L. Marshall, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


The trial court convicted Kelli Renee Edmonds during a bench trial of possession of

marijuana and possession of cocaine with the intent to distribute on July 19, 2002.[1]  She contends

the evidence was insufficient to prove she possessed the marijuana or cocaine, or had the intent

to sell the cocaine.  For the following reasons, we affirm.

On appeal, we view the evidence and the inferences fairly deducible therefrom in the

light most favorable to the Commonwealth.  Commonwealth v. Hudson, 265 Va. 505, 514, 578

S.E.2d 781, 786, cert. denied, 124 S. Ct. 444 (2003).  An investigation of a breaking and entering

led police to suspect a man named Rico and to search his apartment.  At Rico's apartment police

found drugs and learned from his sister that he had gone to the defendant's apartment.  Police

-------------------------------------------

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The defendant does not challenge her conviction of possession of marijuana on July 21,
2002.

had been watching that apartment for over two months and had observed apparent drug transactions outside the door.

When the police arrived at the defendant's apartment on July 19, Karon Jackson met them at the door. Rico was sleeping on the couch. After arresting Rico, the police awoke the defendant, who consented to a search of the apartment. The police found evidence of marijuana use throughout the apartment. In the living room, they found a plastic bag containing twelve plastic bags of marijuana stuffed into a couch and six individual packages of crack cocaine (2.434 grams) in a cigarette box under the couch. Rico had on his person two $20 bills, one $5 bill, and nine $1 bills. Karon Jackson had two $50 bills and three $20 bills. The defendant denied knowing anything about the drugs.

The investigating officer had told the defendant he would return to speak with her, and two days later he did. When the defendant opened the door, the officer immediately smelled marijuana. Inside the apartment, he found a marijuana cigarette and bag of marijuana, which the defendant admitted were hers. The officer arrested the defendant for possession of marijuana and advised her of her rights. She admitted being involved with the drugs found the previous Friday, July 19. She stated that she knew that Rico and Jackson were drug dealers and that she permitted them to use her apartment to sell drugs. She knew the drugs were in her apartment that Friday because Jackson had showed them to her the day before.

The trial court noted, "you told the officer that I knew they were drug dealers, I knew they were dealing drugs, they showed me the drugs the night before." The trial court concluded: "You're making your home available and you know exactly what it is that they're doing. You are encouraging and countenancing, at a minimum, what they are doing."

The trial court convicted the defendant as a principal in the second degree.

> A principal in the second degree, or an aider or abettor as he is sometimes termed, is one who is present, actually or

constructively, assisting the perpetrator in the commission of the crime. In order to make a person a principal in the second degree actual participation in the commission of the crime is not necessary. The test is whether or not he was encouraging, inciting, or in some manner offering aid in the commission of the crime. If he was present lending countenance, or otherwise aiding while another did the act, he is an aider and abettor or principal in the second degree.

Jones v. Commonwealth, 208 Va. 370, 372-73, 157 S.E.2d 907, 909 (1967). In this case, the defendant was present when Rico and Jackson sold drugs. Permitting them to use her apartment to distribute their drugs was an overt act in furtherance of their crimes. "'When the alleged accomplice is actually present and performs overt acts of assistance or encouragement, he has communicated to the perpetrator his willingness to have the crime proceed and has demonstrated that he shares the criminal intent of the perpetrator.'" Rollston v. Commonwealth, 11 Va. App. 535, 539, 399 S.E.2d 823, 825 (1991) (quoting Roger D. Groot, Criminal Offenses and Defenses in Virginia 183 (1984)).

Police observed hand-to-hand transactions from the defendant's apartment over a two-month period. The defendant knew Jackson and Rico were drug dealers and knew they dealt from her apartment. She admitted she let Jackson use her apartment for that purpose. The defendant knew the drugs were in her apartment because Jackson had shown them to her the night before. At trial the defendant denied making the statements that she let Jackson and Rico use her apartment to sell drugs, but the trial judge found her trial testimony "totally unconvincing" and accepted the officer's testimony.

The evidence presented permitted the trial court to conclude that the defendant acted as a principal in the second degree by aiding and abetting the sale of cocaine and marijuana from her apartment on July 19. Accordingly, we affirm the convictions.

Affirmed.