COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Beales and Senior Judge Coleman
Argued at Chesapeake, Virginia


JOHN HENRY HAYES

                                                      MEMORANDUM OPINION* BY
v.        Record No. 2953-07-1                        JUDGE ROBERT J. HUMPHREYS
                                                             MARCH 24, 2009
COMMONWEALTH OF VIRGINIA


                  FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                              A. Bonwill Shockley, Judge

                  Afshin Farashahi for appellant.

                  Karen Misbach, Assistant Attorney General II (Robert F.
                  McDonnell, Attorney General, on brief), for appellee.


       John Henry Hayes ("Hayes") appeals his convictions for robbery, in violation of

Code § 18.2-58, and the use of a firearm in the commission of a felony, in violation of

Code § 18.2-53.1. Hayes was convicted of both crimes as a principal in the second degree. On

appeal, he argues that the Commonwealth's evidence was only sufficient to convict him as an

accessory after the fact. For the following reasons, we disagree and affirm his convictions.

                                    I.  ANALYSIS

       When considering a challenge that the evidence presented at trial is insufficient, we

"presume the judgment of the trial court to be correct" and reverse only if the trial court's

decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39

Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002). We do not "substitute our judgment for that of

the trier of fact." Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

_____

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id.

The trial court convicted Hayes as a principal in the second degree for the robbery and use of a firearm by Horton. A principal in the second degree "is one who is present, actually or constructively, assisting the perpetrator in the commission of the crime." Jones v. Commonwealth, 208 Va. 370, 372, 157 S.E.2d 907, 909 (1967). "In order to make a person a principal in the second degree actual participation in the commission of the crime is not necessary. The test is whether or not he was encouraging, inciting, or in some manner offering aid in the commission of the crime." Id. at 372-73, 157 S.E.2d at 909. "[M]ere presence and consent are not sufficient to constitute one an aider and abettor in the commission of a crime. There must be something done or said by him showing (a) his consent to the felonious purpose and (b) his contribution to its execution." Id. at 373, 157 S.E.2d at 909. As the "getaway" driver, Hayes clearly contributed to the execution of the robbery. See, e.g., Whitbeck v. Commonwealth, 210 Va. 324, 327, 170 S.E.2d 776, 778 (1969) (affirming a conviction for burglary as principal in the second degree where the accused waited in getaway car); Dickerson v. Commonwealth, 36 Va. App. 8, 15, 548 S.E.2d 230, 233 (2001) (affirming a conviction for robbery as principal in the second degree where the accused waited in the getaway car).

Hayes argues that the Commonwealth failed to prove that he consented to the robbery. He claims that, although he drove Horton to and from the robbery, he did not know that Horton intended to rob Mitchell, the victim. We disagree. Hayes' actions belie the notion that he was

merely an innocent bystander who knew nothing of Horton's intent to rob Mitchell. Hayes had spent the afternoon with Horton. He had held Horton's gun. Hayes drove Horton to the parking lot where Mitchell was standing, and Hayes stopped the car "directly" in front of Mitchell.[1] Hayes remained in the car, in the driver's seat, and watched Horton get out of the car while carrying a gun. From that evidence, a fact finder could reasonably conclude that Hayes knew what Horton intended to do and assisted him by driving him directly in front of Mitchell and waiting in the driver's seat until Horton returned.

Hayes claims that the Supreme Court's decision in Jones mandates a different result. However, we believe that Jones is distinguishable from this case. In Jones, Jones and another man walked up onto the porch of a house. Jones, 208 Va. at 372, 157 S.E.2d at 908. The other man knocked on the door. Id. When the owner of the house answered the door, the man assaulted her. Id. A police officer waiting just inside the house stepped in and subdued the assailant as Jones fled the scene. Id. The Supreme Court held that evidence was insufficient to convict Jones as a principal in the second degree because there was no evidence that he shared the other man's criminal intent.[2] Id. at 374, 157 S.E.2d at 910.

In this case, there is evidence that Hayes shared Horton's criminal intent. Unlike Jones, Hayes was not merely present. Hayes drove Horton to the scene of the crime. Hayes knew that Horton had a gun. Hayes parked directly in front of Mitchell, who was standing between two cars. Hayes saw Horton get out of the car with a gun and waited in the driver's seat with the

---

[1] Hayes told Detective Tucker that he had stopped the car "a few cars down" from where Mitchell was standing. However, Mitchell contradicted that statement when he testified that Hayes stopped the car "directly" in front of him. Under our standard of review, we must assume that the trial court resolved that conflict in the evidence in favor of the Commonwealth, concluding that Hayes was lying to conceal his guilt.

[2] The absence of evidence regarding Jones' intent was not the only reason that the Supreme Court reversed his conviction. The Court also held that Jones did not commit an overt act aiding or encouraging the perpetrator in the felony. Jones, 208 Va. at 374, 157 S.E.2d at 910.

passenger door open.  Hayes then further demonstrated his complicity in the robbery by driving

Horton away.  Unlike Jones, Hayes did more than merely accompany the perpetrator to the scene

of the crime.

## II.  CONCLUSION

For the foregoing reasons, we hold that the evidence was sufficient to convict Hayes as a

principal in the second degree.  We, therefore, affirm the decision of the trial court.

<u>Affirmed.</u>