COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Humphreys, Beales and Alston
Argued at Richmond, Virginia


RAKELL KELVON JOHNSON

                                                        MEMORANDUM OPINION* BY
v.        Record No. 1894-16-2                          JUDGE ROBERT J. HUMPHREYS
                                                        NOVEMBER 14, 2017
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Richard S. Wallerstein, Jr., Judge

Owen I. Conway for appellant.

Lauren C. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Rakell Kelvon Johnson ("Johnson") appeals his August 30, 2016 conviction for

carjacking as a principal in the second degree in the Circuit Court of Henrico County ("circuit

court").  Johnson contends the evidence is insufficient to sustain his conviction.

"When considering a challenge to the sufficiency of the evidence to sustain a conviction,

this Court reviews 'the evidence in the light most favorable to the prevailing party at trial and

consider[s] all inferences fairly deducible from that evidence.'"  Clark v. Commonwealth, 279

Va. 636, 640, 691 S.E.2d 786, 788 (2010) (quoting Jones v. Commonwealth, 276 Va. 121, 124,

661 S.E.2d 412, 414 (2008)).  The evidence so viewed shows that, on December 8, 2015, Kevin

Smith ("Smith") and his cousin drove to Church's Chicken in Henrico County to purchase heroin

from a contact known as "Donk."  Upon arriving, Smith was met by Johnson and Hakee

Mclaurin ("Mclaurin").  Mclaurin and Johnson stated they were there on behalf of Donk.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Mclaurin and Johnson entered the rear seats of Smith's Mustang and instructed Smith to drive to the nearby Cool Lane Apartments to make the transaction. Mclaurin sat on the driver's side behind Smith, while Johnson sat on the passenger's side behind Smith's cousin. Once in the apartment parking lot, Mclaurin produced a pistol and placed it to the back of Smith's head and neck. Smith testified that Mclaurin began yelling for him to hand over his money and ordered him out of the car. Smith testified that Johnson was also yelling. Smith could not distinguish exactly what Johnson was yelling, but he knew that "the guy wasn't trying to help me." Smith gave Mclaurin his wallet, and fled the car with his cousin. Looking back while running, Smith saw that Mclaurin and Johnson were now in the front seats of the Mustang, with Mclaurin driving. Smith ran back to Church's Chicken and contacted the police.

Smith's car was equipped with a GPS tracking device that police were able to activate. Detective Johnakin of the Henrico Police Department assisted in tracking the vehicle. Using the GPS data, Detective Johnakin located the car at a Fas Mart convenience store on the Midlothian Turnpike. As the Mustang left the Fas Mart, he was able to identify Mclaurin as the driver and Johnson as the passenger. When a police cruiser approached the Mustang and activated its siren, the Mustang fled down a nearby street and Detective Johnakin temporarily lost track of the vehicle. Richmond City Police eventually located the Mustang, which had crashed into a wooded area roughly half a mile from the Fas Mart. Johnson was found lying on the ground near the driver side of the wrecked Mustang, complaining of injuries to his lower body.

Johnson was indicted for robbery, use of a firearm in the commission of robbery, carjacking, and use of a firearm in the commission of a felony, to-wit: carjacking. At Johnson's trial, Mclaurin testified that he did not initially plan to take Smith's car and that he demanded Smith's wallet but did not order him out of the car. Johnson was acquitted of all charges except carjacking, of which he was found guilty as a principal in the second degree.

"'[C]arjacking' means the intentional seizure . . . of a motor vehicle of another with intent to permanently or temporarily deprive another in possession or control of the vehicle of that possession or control by means of . . . violence . . . or by the threat or presenting of firearms." Code § 18.2-58.1. For felonies, including carjacking, the Code of Virginia codifies the common law that principals in the second degree may be "indicted, tried, convicted and punished in all respects as if a principal in the first degree." Code § 18.2-18. "A principal in the second degree, or an aider or abettor as he is sometimes termed, is one who is present, actually or constructively, assisting the perpetrator in the commission of the crime." Jones v. Commonwealth, 208 Va. 370, 372, 157 S.E.2d 907, 909 (1967). Actual participation in the crime is unnecessary, "[t]he test is whether or not [the perpetrator] was encouraging, inciting, or in some manner offering aid in the commission of the crime." Id. at 372-73, 157 S.E.2d at 909. Mere presence and consent is insufficient. Id. However, "one who is present at a crime and does not oppose it can be guilty of aiding and abetting if the existence of other circumstances allow the fact finder to infer that the accused assented to and lent his countenance and approval to the crime." Dunn v. Commonwealth, 52 Va. App. 611, 618, 665 S.E.2d 868, 871 (2008) (citing Foster v. Commonwealth, 179 Va. 96, 99, 18 S.E.2d 314, 315-16 (1942), and Pugliese v. Commonwealth, 16 Va. App. 82, 428 S.E.2d 16 (1993)). Johnson contends that the evidence shows no more than his mere presence. Several similar cases are instructive on this point.

In Moehring v. Commonwealth, 223 Va. 564, 290 S.E.2d 891 (1982), the evidence was found insufficient to convict Moehring as a principal in the second degree to larceny for accepting a ride in a vehicle he knew had recently been stolen. Moehring, a hitchhiker, was across the highway when the vehicle was stolen and merely accepted an offered ride from the perpetrator, another hitchhiker Moehring had been seen walking with earlier. Our Supreme Court held that the distance between Moehring and his fellow hitchhiker at the time the vehicle

was stolen made it difficult to consider him a lookout or accessory.  Id. at 568, 290 S.E.2d at 892.

In Hampton v. Commonwealth, 32 Va. App. 644, 529 S.E.2d 843 (2000), this Court reversed a conviction for grand larceny of an automobile where the evidence showed no more than that the defendant had moved from the back seat of the car to the front seat when another individual had forced the driver out and stolen the vehicle.  The Court found no "other circumstances" which showed that the defendant countenanced this criminal act.

In Pugliese, 16 Va. App. 82, 428 S.E.2d 16, the defendant was in the victim's van when the victim was murdered by another passenger.  The defendant stayed in the van and later helped the perpetrator destroy the van.  The defendant claimed that he knew the perpetrator intended to rob the victim, but not to kill him.  We upheld the defendant's convictions as principal in the second degree on robbery and murder, stating that "accompanying a person with full knowledge that the person intends to commit a crime and doing nothing to discourage it bolsters the perpetrator's resolve, lends countenance to the perpetrator's criminal intentions, and thereby aids and abets the actual perpetrator in the commission of the crime."  Pugliese, 16 Va. App. at 94, 428 S.E.2d at 25.

In comparison with this case, Moehring and Hampton are easily distinguishable.  Johnson was in the Mustang when Mclaurin seized control, not at a significant distance away.  While this case superficially resembles Hampton, the "other circumstances" absent there are plentiful here and more resemble the facts of Pugliese.

Beyond Johnson's presence there are a number of circumstances that, in their totality, undermine Johnson's argument:  Smith's testimony that by yelling, Johnson "wasn't trying to help me;" Johnson's lack of intervention on behalf of Smith; and his continued accompaniment of Mclaurin in the stolen Mustang despite two opportunities to exit the car and abandon any

involvement in Mclaurin's criminal actions are all facts that collectively support the reasonable conclusion that Johnson was more than merely present. Additionally, the evidence showed that Johnson knew of Mclaurin's intent to conduct a drug deal and willingly accompanied him. As we held in Pugliese, the combination of this initial knowledge of Mclaurin's criminal intent and Johnson's subsequent acts is sufficient to allow the circuit court as the fact finder to reasonably conclude that Johnson aided and abetted Mclaurin in the carjacking. See Pugliese, 16 Va. App. at 94-95, 428 S.E.2d at 25.

Furthermore, though Smith identified Mclaurin as the source of the command to get out of the car, the inside of the car was chaotic, with both Mclaurin and Johnson yelling over each other. The circuit court was free to believe both Mclaurin's testimony that he did not order Smith out of the car and Smith's testimony that he heard someone order him out of the car. "[A] fact finder's evaluations of credibility are not limited to choosing between competing accounts offered by different witnesses, . . . but often include . . . resolving conflicts in a single witness' testimony, accepting that part of the testimony it deems credible and rejecting the portion it deems incredible." Commonwealth v. McNeal, 282 Va. 16, 22, 710 S.E.2d 733, 736 (2011).

Finally, when police arrived at the crash scene, Johnson was lying outside the driver side door with injuries to his lower body. These injuries were severe enough that Johnson had to be hospitalized. It was thus reasonable for the circuit court to infer that at some point after police lost sight of the Mustang and before the accident, Johnson became the driver of the car.

Taken in the light most favorable to the Commonwealth, the evidence was sufficient to allow a reasonable fact finder to conclude that Johnson countenanced, approved, and assisted in Mclaurin's actions and thereby aided and abetted Mclaurin in the carjacking. For these reasons, Johnson's carjacking conviction is affirmed.

Affirmed.