COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges O'Brien, Fulton and White

JAE SHAWN JAMES HARRIS

v.     Record No. 1564-24-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
AUGUST 19, 2025

FROM THE CIRCUIT COURT OF HENRICO COUNTY
L.A. Harris, Jr., Judge

(John W. Parsons; John W. Parsons, Attorney at Law, on brief), for
appellant.

(Jason S. Miyares, Attorney General; David A. Stock, Senior
Assistant Attorney General, on brief), for appellee.

Following a bench trial, Jae Shawn James Harris was convicted of attempted robbery,

conspiracy, and use of a firearm in the commission of a felony. Harris contends that the court erred

by granting the Commonwealth's motion *in limine* to admit evidence that he participated in another

crime. He also argues that the evidence is insufficient to convict him of conspiracy because the

Commonwealth did not establish an agreement between Harris and the co-conspirator. Finally,

Harris contends that the evidence did not prove he was a principal in the second degree for the

charges of attempted robbery, conspiracy, and use of a firearm.[1] After examining the briefs and

record in this case, the panel unanimously agrees that oral argument is unnecessary because "the

dispositive issue or issues have been authoritatively decided, and the appellant has not argued

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Initially, Harris also assigned error to his conspiracy conviction on the basis that Code
§ 18.2-22 "does not apply to an attempted offense." He withdrew that assignment of error, so we do
not address it.

that the case law should be overturned, extended, modified, or reversed." *See* Code § 17.1-403(ii)(b); Rule 5A:27(b).

## BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party [below]." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). In doing so, we "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn [from that evidence]." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 323-24 (2018)).

Erika Aleman was working as a cashier at La Fe Latino Market in Henrico County on November 1, 2023. At approximately 7 p.m., Najee Bowling and Harris entered the store, wearing a mask and carrying a "small black pistol." Bowling demanded that Aleman give him money from the cash register. Frightened, Aleman closed the register drawer, pushed Bowling's hand away, and triggered an emergency alarm. Bowling left the store with Harris, who had been waiting at the door. Harris was wearing a mask and a black coat with a fur lining. Security video from the store depicted the two men entering the store together.

Adam Wilkson was working at a nearby 7-Eleven in Richmond that evening. Bowling and Harris, both wearing masks, entered the store around 8:20 p.m. Bowling waved a gun and demanded money, and Harris remained at the door. Wilkson described the gun as a small black pistol. Harris also displayed a firearm and told Wilkson, "[D]on't try anything or [I'll] blow [your] fucking head off." Bowling took money from the cash register before the men left the store.

Tyler Hock, who was walking near the 7-Eleven around 8:20 p.m., heard an alarm. He saw two people running from the area of the alarm and observed as they slowed down and walked to a parked car. Hock noted the license plate number and reported the incident to the police. Later that

night, the police found the car in a Walmart parking lot. Bowling was standing outside the driver's side and Harris was sitting in the front passenger seat. Harris was wearing a dark, fur-lined coat, dark pants with stripes on the outside of each leg, and dark shoes with a lighter sole and a diagonal stripe, which matched the clothing of one of the perpetrators at both crime scenes.

The police found two guns in the car. A Taurus 9mm was under the front of the driver's seat near the center console, and a Ruger 9mm was under the driver's seat, visible from behind the seat.

The police also seized and searched Bowling's and Harris's cell phones. Location data from Harris's phone established that on November 1, 2023, the phone had been in the area of La Fe Latino Market around 6:41 p.m. and near the 7-Eleven from 8:10 to 8:12 p.m. Harris's phone also contained a photograph of a Ruger pistol with a distinctive handgrip matching the gun found in the car. At trial, Bowling testified that he told the detectives he did not see Harris with a gun and had not discussed the robberies with Harris in advance.

Before trial, the Commonwealth moved to permit the introduction of evidence of the Richmond 7-Eleven robbery. The Commonwealth argued that the evidence was admissible because the two crimes were similar and occurred within hours of each other in the same general area. The court found the evidence admissible to prove identity and intent. At the conclusion of the case, the court convicted Harris of the charged offenses.

ANALYSIS

I.  Admission of Other Crime Evidence

Harris contends the court erred by admitting evidence of the Richmond 7-Eleven robbery. He argues that any probative value of the evidence is outweighed by its unduly prejudicial effect.

"Decisions regarding the admissibility of evidence 'lie within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion.'" *Blankenship v.*

- 3 -

*Commonwealth*, 69 Va. App. 692, 697 (2019) (quoting *Michels v. Commonwealth*, 47 Va. App. 461, 465 (2006)). "An abuse of discretion occurs 'when a relevant factor that should have been given significant weight is not considered' or 'when an irrelevant or improper factor is considered and given significant weight.'" *Diaz v. Commonwealth*, 80 Va. App. 286, 304 (2024) (quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)). "In evaluating whether a trial court abused its discretion, . . . '[this Court does] not substitute [its] judgment for that of the trial court. Rather, [this Court] consider[s] only whether the record fairly supports the trial court's action.'" *Id.* at 304-05 (alterations in original) (quoting *Carter v. Commonwealth*, 293 Va. 537, 543 (2017)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Id.* at 305 (quoting *Lambert v. Commonwealth*, 70 Va. App. 740, 749 (2019)).

Relevant evidence is generally admissible. Va. R. Evid. 2:402. "Evidence is relevant if it has any logical tendency, however slight, to prove a fact in issue in the case." *Shahan v. Commonwealth*, 76 Va. App. 246, 256 (2022) (quoting *Jenkins v. Winchester Dep't of Soc. Servs.*, 12 Va. App. 1178, 1186 (1991)).

As a rule, evidence showing that the accused committed other crimes or bad acts is inadmissible "for the purpose of proving that the accused committed or likely committed the particular crime charged." *Lafon v. Commonwealth*, 17 Va. App. 411, 417 (1993); *see* Va. R. Evid. 2:404(b). "Even so, such evidence may be admissible for other purposes, [for example, if] it tends to prove intent." *Drexel v. Commonwealth*, 80 Va. App. 720, 740 (2024); *see, e.g.*, *Vera v. Commonwealth*, 77 Va. App. 271, 281 (2023) (noting that such evidence is admissible if it is "relevant to a material issue or element of consequence in the case" (quoting *Shifflett v. Commonwealth*, 29 Va. App. 521, 529 (1999))). Evidence of prior bad acts also may be admissible for the following:

(1) to prove motive to commit the crime charged; (2) to establish guilty knowledge or to negate good faith; . . . (5) to prove opportunity; (6) to prove identity of the accused as the one who committed the crime where the prior criminal acts are so distinctive as to indicate a *modus operandi*; or (7) to demonstrate a common scheme or plan where the other crime or crimes constitute a part of a general scheme of which the crime charged is a part.

*Lafon*, 17 Va. App. at 417 (quoting *Sutphin v. Commonwealth*, 1 Va. App. 241, 245-46 (1985)). Further, this list is "neither exhaustive nor definitive." *Id.*

"One method of proving identity involves evidence of criminal acts that share a common modus operandi, defined as 'a distinctive . . . resembl[ance]' between two crimes that is sufficient to 'raise the probability of a common perpetrator.'" *Harvey v. Commonwealth*, 76 Va. App. 436, 476 (2023) (alterations in original) (quoting *Spencer v. Commonwealth*, 240 Va. 78, 89 (1990)). "The other crime need not qualify as a 'signature' or 'virtual carbon cop[y]' of the offense for which the defendant is on trial to be admitted. Instead, it is enough if the other crime 'bear[s] "a singular strong resemblance to the pattern of the offense charged."'" *Id.* (alterations in original) (quoting *Spencer*, 240 Va. at 89-90).

Harris argues that the court abused its discretion by admitting evidence of the Richmond 7-Eleven robbery. Both crimes were committed on the same night about an hour apart. In both cases, two masked perpetrators entered the store together. A gun was displayed in each instance, and one man remained at the door while the other approached the cashier and demanded money. Appellant was captured on store security video wearing the same clothing while committing both crimes. The two crimes were substantially similar and were relevant to prove identity, intent, and modus operandi.

Having determined the legitimate purposes for admitting this evidence, we consider the balancing test for prejudice in the context of other bad acts. Evidence of a prior bad act is only admissible if its probative value "exceed[s] its incidental prejudice to the defendant." *Drexel*, 80

Va. App. at 740 (quoting *Kenner v. Commonwealth*, 299 Va. 414, 424 (2021)); *see* Va. R. Evid. 2:404(b). "The responsibility for balancing the competing considerations of probative value and prejudice rests in the sound discretion of the trial court." *Spencer*, 240 Va. at 90.

Here, the probative value of the other crimes evidence outweighed any prejudicial effect, and we find the trial court did not abuse its discretion by admitting the evidence.

## II. Sufficiency of the Evidence of Conspiracy

Harris argues that the evidence was insufficient to prove that he and Bolling had an agreement to commit a robbery. "When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting *Perkins*, 295 Va. at 327). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is, upon review of the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Pijor*, 294 Va. at 512). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment . . . .'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

"To prove a conspiracy, the Commonwealth must offer evidence of 'an agreement between two or more persons by some concerted action to commit an offense.'" *James v. Commonwealth*, 53 Va. App. 671, 677-78 (2009) (quoting *Wright v. Commonwealth*, 224 Va. 502, 505 (1982)); *see also* Code § 18.2-22. "It is a rare case where any 'formal agreement

- 6 -

among alleged conspirators' can be established." *Id.* at 678 (quoting *Wilder Enters. v. Allied Artists Pictures Corp.*, 632 F.2d 1135, 1141 (4th Cir. 1980)). Thus, "[t]he existence of a conspiracy may be proven by circumstantial evidence." *Chambliss v. Commonwealth*, 62 Va. App. 459, 466-67 (2013). Because conspirators often perform different roles in pursuit of their criminal plan, when the Commonwealth proves that the conspirators "by their acts *pursued the same object*, one performing *one part* and the others performing *another part* so as to complete it or with a view to its attainment, the [factfinder] will be justified in concluding that they were engaged in a conspiracy to effect that object." *James*, 53 Va. App. at 678 (alteration in original) (quoting *Charity v. Commonwealth*, 49 Va. App. 581, 586 (2007)).

Harris maintains that the Commonwealth failed to exclude the reasonable hypothesis of innocence that Bowling committed the attempted robbery of Le Fe Latino Market alone. When assessing whether the circumstantial evidence excludes a reasonable hypothesis of innocence, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." *Simon v. Commonwealth*, 58 Va. App. 194, 206 (2011) (quoting *Hamilton v. Commonwealth*, 16 Va. App. 751, 755 (1993)). "The reasonable-hypothesis principle . . . is 'simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt.'" *Commonwealth v. Moseley*, 293 Va. 455, 464 (2017) (quoting *Commonwealth v. Hudson*, 265 Va. 505, 513 (2003)). "[T]he fact[ ]finder determines which reasonable inferences should be drawn from the evidence, and whether to reject as unreasonable the hypotheses of innocence advanced by a defendant." *Id.* "Whether an alternate hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong." *Holloway v. Commonwealth*, 57 Va. App. 658, 666 (2011) (en banc) (quoting *Archer v. Commonwealth*, 26 Va. App. 1, 12-13 (1997)).

In convicting Harris of conspiracy, the court rejected Bowling's testimony that Harris had no knowledge about the attempted robbery. "The fact finder, who has the opportunity to see and hear the witnesses, has the sole responsibility to determine their credibility, the weight to be given their testimony, and the inferences to be drawn from proven facts." *Rams v. Commonwealth*, 70 Va. App. 12, 26-27 (2019) (quoting *Hamilton v. Commonwealth*, 279 Va. 94, 105 (2010)). "When 'credibility issues have been resolved by the [fact finder] in favor of the Commonwealth, those findings will not be disturbed on appeal unless plainly wrong.'" *Towler v. Commonwealth*, 59 Va. App. 284, 291 (2011) (quoting *Corvin v. Commonwealth*, 13 Va. App. 296, 299 (1991)).

The facts of this case established an agreement between Harris and Bowling to commit a robbery at the La Fe Latino Market, with Harris and Bowling each performing his own role in committing the offense. Like with the 7-Eleven robbery later that evening, both men entered La Fe Latino Market together wearing masks. Harris remained at the door, presumably keeping watch, while Bowling approached the cashier and demanded money. The two then left the store together. The evidence also proved that during the 7-Eleven robbery the same evening, Wilkson saw Harris standing near the door with a gun. Harris threatened to kill Wilkson if he did not comply with Bowling's demands. Harris and Bowling left the area together and were discovered with the car later that night at the Walmart parking lot. Harris's conduct supports the fact finder's conclusion that the two men acted together and agreed to commit the robbery at La Fe Latino Market.

Harris argues that the evidence did not prove that he shared the criminal intent to commit the offenses and, therefore, he could not be convicted of attempted robbery, conspiracy, and use of a firearm as a principal in the second degree. "A principal in the first degree is the actual perpetrator of the crime. A principal in the second degree, or an aider or abettor as he is

- 8 -

sometimes termed, is one who is present, actually or constructively, assisting the perpetrator in the commission of the crime." *Muhammad v. Commonwealth*, 269 Va. 451, 482 (2005) (quoting *Jones v. Commonwealth*, 208 Va. 370, 372 (1967)). As this Court has held, a "principal in the second degree may be indicted, tried, convicted[,] and punished as if a principal in the first degree." *Allard v. Commonwealth*, 24 Va. App. 57, 62 (1997). Proof of "actual participation in the commission of the crime is not necessary" to be convicted as "a principal in the second degree." *Muhammad*, 269 Va. at 482 (quoting *Jones*, 208 Va. at 372). To support a conviction under this theory, the Commonwealth must prove that the accused was present at the scene of the crime and shared the criminal intent of the perpetrator or committed some act in furtherance of the offense. *See Allard*, 24 Va. App. at 62. Thus, while mere presence at the scene of a crime alone does not constitute aiding and abetting, "accompanying a person with full knowledge that the person intends to commit a crime and doing nothing to discourage it bolsters the perpetrator's resolve, lends countenance to the perpetrator's criminal intentions, and thereby aids and abets the actual perpetrator in the commission of the crime." *Pugliese v. Commonwealth*, 16 Va. App. 82, 94 (1993).

As we have previously concluded, the court did not abuse its discretion in finding that Harris and Bowling conspired to commit the robbery at the La Fe Latino Market. Harris was present during the incident, keeping watch from the doorway as Bowling approached the cashier and demanded money. Harris's presence aided Bowling in the commission of the attempted robbery, and the record supports the conclusion that the two men were acting together.

The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of attempted robbery, conspiracy, and use of a firearm in the commission of a felony.

CONCLUSION

Accordingly, we affirm the trial court's judgment.

*Affirmed.*