UNITED STATES of America,
Appellee,

v.

George Thomas PAIGE, Durwood Ray Burgess, and James Arthur Starke, Appellants.

No. 8953.

United States Court of Appeals
Fourth Circuit.

Argued Sept. 24, 1963.

Decided Oct. 17, 1963.

Robert M. Harcourt, Norfolk, Va., for appellant Durwood Ray Burgess.

Roger T. Williams, Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on brief), for appellee.

Before BRYAN and BELL, Circuit Judges, and NORTHROP, District Judge.

PER CURIAM.

Convicted, with others, of the unlawful removal, concealment and possession of 110 gallons of distilled spirits in violation of 26 U.S.C. §§ 5205(a) (2), 5601 (a) (12), and 5604(a) (1), Durwood Ray Burgess appeals on the ground that the evidence did not establish his guilt. We think his motion for a judgment of acquittal should have been granted. A recital of the evidence will disclose that Burgess, while present, was not proved to be a participant in the commission of the offense for which he was tried.

Treasury Department agents maintained a watch upon the home of George Thomas Paige, a co-defendant, in Newport News, Virginia on the night of June 1, 1962. About 8:50 o'clock Paige came out of the house and opened the gate across his driveway as well as one of the front doors of his garage. In a few minutes Paige came out again, walked to the abutting street and looked both ways. At 10 o'clock Burgess and James Arthur Starke, another defendant, came to the house. Paige admitted them and put out the porch and living room lights. A half hour later an automobile drove into the garage. Immediately Burgess and Starke came out of the front door and Paige the back door, and all three proceeded to the garage.

At this moment the Treasury agents approached, shining their flash lights and identifying themselves as Federal officials. Burgess, pausing for a second in an unsuccessful effort to close one of the garage doors, fled with the others. All were shortly apprehended. The automobile contained 110 gallons of illicit whiskey. Paige and Starke were indicted, tried and convicted with Burgess. While they seasonably filed notices of appeal, neither Paige nor Starke have perfected their appeals.

Mere presence at the perpetration of a crime is not criminal. Burgess' flight may, of course, be taken to evince his consciousness of guilt. Vick

v. United States, 216 F.2d 228, 232 (5 Cir. 1954). But, quite conceivably, other reasons may have prompted him to run. Such a reaction thus might not be inconsistent with innocence. Presence and flight in the circumstances here could not alone prove him particeps criminis beyond a reasonable doubt.

The judgment of conviction will be reversed and the case remanded to the District Court with directions to enter a judgment of acquittal. At the same time, on the motion of the United States, we dismiss the appeals of Paige and Starke.

Reversed and remanded.