### UNITED STATES of America, Plaintiff–Appellee,

### v.

### William MOYE, Defendant–Appellant.

### No. 04–4549.

United States Court of Appeals, Fourth Circuit.

Argued May 27, 2005.

Decided Sept. 9, 2005.

**ARGUED:** William Scott Little, Stark & Little, Baltimore, Maryland, for Appellant. George Levi Russell, III, Assistant United States Attorney, Office of the United States Attorney, Baltimore, Maryland, for Appellee. **ON BRIEF:** Thomas M. DiBiagio, United States Attorney, Baltimore, Maryland, for Appellee.

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Reversed by published opinion. Judge GREGORY wrote the majority opinion, in which Judge DUNCAN concurred. Senior Judge HAMILTON wrote a separate dissenting opinion.

## OPINION

GREGORY, Circuit Judge.

William Moye ("Moye") appeals his convictions for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and aiding and abetting, in violation of 18

U.S.C. § 2 (Count I); and possession of stolen firearms, in violation of 18 U.S.C. § 922(j), and aiding and abetting, in violation of 18 U.S.C. § 2 (Count II). Specifically, Moye asserts that the district court erred in giving the jury an aiding and abetting instruction, in allowing the Government to argue that flight was evidence of guilt, and in denying his Rule 29 motion challenging the sufficiency of the evidence. Finding error on each of these grounds, we reverse.

## I.

On August 14, 2003 at 5:30 a.m., an Anne Arundel County Police Officer responded to a burglar alarm at Bart's Sporting Goods Store ("Bart's") in Anne Arundel County, Maryland. When the officer arrived, he saw a man at the side door of the building trying to get into a vehicle. This person was later identified as Jackie Briggs ("Briggs"). The officer also saw a person in the vehicle, who was later identified as Courtney Cooper ("Cooper").

Cooper drove off after he saw the officer, leaving Briggs behind. The officer engaged Cooper in a high speed chase and apprehended him. Thirteen firearms were found inside the vehicle. Briggs was later apprehended with two firearms in his pocket. Moye was seen by another officer crawling out of the doorway at Bart's after Cooper took off. Moye ran but was caught a short time later. No weapons were found in Moye's possession and Moye's fingerprints were not on the weapons recovered from Briggs and Cooper.

At trial, a Government witness, who was qualified as an expert in interstate nexus, testified that 14 of the 15 weapons recovered in the burglary affected interstate commerce.[1] The manager of Bart's testified that all of the weapons recovered were owned by Bart's and functioned properly. An Alcohol, Tobacco and Firearms Special Agent testified that he tested five of the guns and that they each functioned properly.[2] The Government also introduced a Certified Record of Conviction Under Seal showing that Moye had previously been convicted of a felony handgun violation as well as a certificate of the non-restoration of Moye's civil rights. The defense objected to the introduction of the records without a person being present to testify, but the district court overruled its objection.

During the charge conference, the Government asked for a "flight as evidence of guilt" instruction but after objection by the defense, the district court declined to give it, stating that there was only evidence that Moye fled because of the burglary, not that he fled because of the federal crimes at issue. However, the district court did allow the Government to argue "flight as evidence of guilt" in its closing argument. In addition, the district court, also over the defense's objection, granted the Government's request for an aiding and abetting instruction.

The defense moved for a directed verdict under Fed.R.Crim.P. 29 after the Government's case. The district court reserved ruling on it until after the jury's verdict. After the jury returned a guilty

---

1. One of the firearms, a Beretta, was arguably manufactured in Maryland and was not charged in the indictment.

2. For some unknown reason, all of the weapons were returned to Bart's eleven days after the burglary, and by the time of trial all but five of the weapons had been sold and thus were not available as evidence. The district court, upon request by the defense, split the verdict form into Count I–A containing the five guns in evidence and Count I–B containing the other guns not in evidence. However, the defense does not raise an objection to the split verdict form on appeal.

verdict on both counts, the defense renewed its motion and after the submission of additional memoranda on several issues by both sides, the district court sustained Moye's convictions. This timely appeal followed.

## II.

Moye challenges his convictions on three grounds. He asserts that the district court erred in giving the jury an aiding and abetting instruction, in allowing the prosecution to argue that flight was evidence of guilt, and in denying his Rule 29 motion based on the sufficiency of the evidence. Because Moye's first two claims overlap with his latter sufficiency claim, we address them as part of his sufficiency claim.

## A.

■■■ In this case, the indictment charged Moye with being a felon in possession, Count I, and possessing stolen firearms, Count II, as well as aiding and abetting in relation to each count. We begin with a determination of whether sufficient evidence existed to convict Moye of himself being a felon in possession, or himself possessing stolen firearms. In reviewing the sufficiency of the evidence, this Court must determine whether, construing the evidence in the light most favorable to the government, any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). The Court must "allow the government the benefit of all reasonable inferences from the facts proven to those

sought to be established" in making this determination. *Id.*

■■■ Count I charged Moye with a violation of 18 U.S.C. § 922(g)(1), which makes it unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm, which has been shipped or transported in interstate commerce. 18 U.S.C. § 922(g)(1) (2000). Moye does not challenge his status as a convicted felon.[3] Rather, the question is whether sufficient evidence existed for the jury to find beyond a reasonable doubt that Moye possessed one of the weapons charged in the indictment. Possession may be actual or constructive, *United States v. Rusher*, 966 F.2d 868, 878 (4th Cir.1992), but because the Government did not allege that Moye ever actually possessed a weapon, we consider constructive possession only. Constructive possession is established if it is shown "that the defendant exercised, or had the power to exercise, dominion and control over the item." *Id.* The possession can be shared with others. *United States v. Burgos*, 94 F.3d 849, 873 (4th Cir.1996). However, mere presence at the location where contraband is found is insufficient to establish possession. *United States v. Samad*, 754 F.2d 1091, 1096 (4th Cir.1984). "There must be some action, some word, or some conduct that links the individual to the [contraband items] and indicates that he had some stake in them, some power over them. There must be something to prove that the individual was not merely an incidental bystander." *United*

---

**3.** Moye does challenge the district court's admission of the certified court record of his prior conviction and a fingerprint report comparing Moye's fingerprints taken at the time of his arrest to his fingerprints taken at the time of his prior conviction. His argument is apparently based on authenticity and hearsay. Because each record is a self-authenticating public document under Fed.R.Evid. 902(4), and within the hearsay exceptions of Fed. R.Evid. 803(8) and 803(22), this argument is meritless.

*States v. Pardo*, 636 F.2d 535, 549 (D.C.Cir.1980).

 The evidence here, taken in the light most favorable to the Government, is insufficient to establish that Moye constructively possessed any of the weapons. The only evidence the Government presented to support constructive possession was that Moye was present in the same location from which the guns were stolen. However, as noted, mere presence is insufficient to establish possession. No fingerprints or other physical evidence link Moye to the guns. The Government did not present testimony that Moye had been seen with any of the guns. Because no evidence exists that Moye was ever in a position to exercise dominion and control over the weapons, we conclude that insufficient evidence existed for the jury to find beyond a reasonable doubt that Moye was a felon in possession.

Under Count II, to be convicted of possessing stolen firearms per 18 U.S.C. § 922(j), the Government must prove: (1) that the defendant possessed the firearm described in the indictment; (2) that at the time the defendant possessed it, the firearm was stolen; (3) that the defendant acted knowingly; and (4) that the firearm had at some time traveled in interstate commerce. 18 U.S.C. § 922(j) (2000). Given our finding on Count I, Moye could not be convicted of himself possessing stolen firearms because no evidence existed from which the jury could infer that Moye was in constructive possession of stolen firearms.

### B.

 Thus, we must consider whether the jury could have instead convicted

Moye of aiding and abetting a felon in possession under Count I or aiding and abetting the possession of stolen firearms under Count II. Title 18 U.S.C. § 2(b) provides that "[w]hoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." 18 U.S.C. § 2(b) (2000). A defendant is guilty of aiding and abetting if he has "knowingly associated himself with and participated in the criminal venture." *United States v. Burgos*, 94 F.3d 849, 873 (4th Cir.1996) (quoting *United States v. Winstead*, 708 F.2d 925, 927 (4th Cir.1983)). To prove association, the Government must establish that the defendant participated in the principal's criminal intent, which requires that a defendant be cognizant of the principal's criminal intent and the lawlessness of his activity. *Id.* "Participation at every stage of an illegal venture is not required, only participation at some stage accompanied by knowledge of the result and intent to bring about that result." *Id.* (quoting *United States v. Arrington*, 719 F.2d 701, 705 (4th Cir.1983)). It is implicit in a charge of aiding and abetting that the underlying crime was committed by someone other than the defendant. *United States v. Samaria*, 239 F.3d 228, 234–35 (2d Cir.2001). The district court instructed the jury on aiding and abetting after explaining the elements of Counts I and II.[4] Specifically, the court stated:

> . . . you may find Mr. Moye guilty of the offenses charged if you find beyond a reasonable doubt that the Government has prove[n] that another person actual-

---

4. During trial, outside the presence of the jury, Moye's attorney stated that he thought the Government's request for an aiding and abetting instruction was improper because Moye was the only defendant on trial and

stated "I don't know how you aid and abet yourself." J.A. 129. The district court responded that, "Well, I don't have a problem with that." *Id.*

ly committed the offense with which he is charged and that the defendant aided or abetted that person in the commission of the crime.

J.A. 226. During closing arguments, the Government relied heavily on an aiding and abetting theory, stating that Moye "didn't go inside the store at 5:30 in the morning by mistake," *id.* at 241, and arguing that the fact that "he was inside this store at the time when the police arrived is clear evidence and absolutely convincing evidence that he was part of or certainly aided and abetted in this burglary of this store," *id.* at 252.

After the jury returned a verdict of guilty on both counts, the defense moved for a directed verdict. In discussing the issues to be addressed in supplemental briefing on the motion for a directed verdict, the district court noted: "Aiding and Abetting doesn't work. The joint possession could work to convict your client. . . . Aiding and abetting requires [ ] somebody else to have committed the crime. Nobody else committed the crime." *Id.* at 263.[5]

Before addressing the sufficiency of the evidence as to aiding and abetting under Count I, we must decide the preliminary question of whether it was even proper for the district court to instruct the jury on aiding and abetting as to Count I. Moye argues that the aiding and abetting instruction was improper as to Count I because the Government presented no evidence that he aided and abetted other convicted felons in their possession of firearms. The Government responds by arguing that because aiding and abetting is implicit in all indictments the district court properly instructed the jury on the charge.

We review the decision of the district court to deliver a particular jury charge for abuse of discretion. *United States v. Russell,* 971 F.2d 1098, 1107 (4th Cir.1992). An aiding and abetting instruction, like all jury instructions, is proper only "if there is a foundation in evidence to support it." *United States v. Schnabel,* 939 F.2d 197, 203–04 (4th Cir.1991).

During oral argument, the AUSA conceded that giving the jury an aiding and abetting instruction on Count I was error. It is clear that no foundation in the evidence supported an aiding and abetting instruction as to this count because the Government introduced no evidence that Briggs or Cooper were felons. The district court erred as a matter of law in giving the instruction on this count as it was a logical impossibility for the instruction to apply to Count I, felon in possession.

Finding an abuse of discretion, we must still engage in further harmless error review per Fed.R.Crim.P. 52. Under such review, an error will be found harmless if we are able to conclude, " 'with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error.' " *United States v. Weaver,* 282 F.3d 302, 314 (4th Cir.2002) (quoting *United States v. Brooks,* 111 F.3d 365, 371 (4th Cir.1997)). Because we conclude, *supra* at 212, that the evidence was insufficient to find Moye guilty of himself being a felon in possession, erroneously giving the jury the aiding and abetting instruction (the only remaining Government theory of guilt on Count I) could not be harmless error. Because giving the instruction itself was im-

---

**5.** The district court also instructed the jury on joint possession stating that "it's possible that more than one person may have the power and intention to exercise control over a firearm. This is called joint possession." J.A. 223–24.

proper, sufficient evidence did not exist as to aiding and abetting in Count I.

Finally, we turn to whether sufficient evidence existed for the jury to find that Moye aided and abetted Briggs and Cooper in their possession of stolen firearms under Count II. To aid and abet, Moye must have been cognizant of Briggs and/or Cooper's criminal intent and the lawlessness of their activity as well as have participated in their criminal venture to possess stolen firearms. In addition, the evidence must have supported a finding that Briggs and/or Cooper possessed stolen firearms (as one cannot aid and abet something that is not a crime).

██ Moye does not dispute that the evidence was sufficient to support a finding that Briggs and Cooper possessed stolen firearms. But to be found guilty, the jury would have had to find that Moye also knew of Briggs and Cooper's specific criminal intent to possess stolen firearms and that he in some way participated in this criminal venture.[6] The Government's theory is that Moye was either helping Briggs and Cooper steal the guns or that he was serving as a lookout. However, the Government's lookout argument is contradicted by its own closing argument that Moye was not acting as a lookout. *See* J.A. 236 ("He wasn't standing outside the store looking as a guard or a look-out."); *id.* at 240 ("He wasn't standing outside the door that night."). The Government's "help" argument suffers from the same flaw as the constructive possession argument—absolutely no evidence exists to demonstrate that Moye was ever in a position to exercise dominion and control over the guns.

Instead, the basis of the Government's case against Moye rests entirely on his presence at Bart's Sporting Goods that night as well as his flight from the scene. As for the flight evidence, Moye contends that the Government's argument in closing that his flight was evidence of his guilt was improper because the jury could have used the evidence of his flight from the burglary to convict him on the possession of stolen firearms charge. The Government stated in closing:

> And finally ladies and gentlemen, I ask you to consider what is it that Mr. Moye did when Officer Walters drove up and saw him coming out of that door, saw him right there at the opening getting down there at the entrance to the door? What is it that he did when he saw Officer Walters? Didn't stop.... He ran. And I submit to you, ladies and gentlemen, that you can use that as consciousness of Mr. Moye's guilt. He ran, ladies and gentleman.

J.A. 242.

██ A trial court possesses broad discretion to control closing argument, and its discretion is not to be overturned absent a showing of clear abuse. *United States v. Grabiec*, 563 F.2d 313, 319 (7th Cir.1977); *United States v. Davis*, 557 F.2d 1239, 1244–45 (8th Cir.1977). If a trial court abuses its discretion in addressing an objection to closing argument, such abuse will justify reversal of a conviction only if it constitutes prejudicial error. *See United States v. Young*, 470 U.S. 1, 13 n. 10, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985) (explaining that reviewing court may reverse otherwise proper conviction only after concluding that error was not harmless). On the other hand, we review for

---

**6.** Thus, Moye knowing only that Briggs and/or Cooper had the intent to steal *something* in the sporting goods store would be insufficient, he must have known of their spe-

cific intent to possess the *stolen firearms.* Indeed, as the AUSA conceded during oral argument, other items besides firearms were stolen from Bart's.

plain error an issue concerning closing argument to which no timely objection was made. *See United States v. Adam*, 70 F.3d 776, 780 (4th Cir.1995) (observing that contentions concerning argument are reviewed for plain error when defense did not timely object).

■ The parties dispute which standard of review properly applies here. Moye's counsel did not object during the Government's closing argument. However, prior to closing argument, the Government requested a "flight as evidence of guilt" jury instruction and the district court declined to give it instead allowing the Government to comment on Moye's flight in closing. Moye's counsel did object at this time and thus we find that he preserved this issue for appeal.

■ We have noted that, "It cannot be doubted that in appropriate circumstances, a consciousness of guilt may be deduced from evidence of flight and that a jury's finding of guilt may be supported by consciousness of guilt." *United States v. Obi*, 239 F.3d 662, 665 (4th Cir.2001). Yet "the jury's consideration of evidence of flight requires that it be able, from the evidence, to link such flight to consciousness of guilt of the crime for which the defendant is charged." *Id.* Evidence is required supporting all of the inferences in the causal chain between flight and guilt. *Id.* To establish this causal chain, evidence must be presented that the defendant fled

(or attempted to flee) and which supports inferences that (1) the defendant's flight was the product of consciousness of guilt, and (2) his consciousness of guilt was in relation to the crime with which he was ultimately charged and which the evidence is offered.[7] *Id.*

■ Here, the evidence presented of Moye fleeing from a burglarized building in the middle of the night certainly supports an inference that the flight was the product of consciousness of guilt. However, *no* evidence supports the inference that his consciousness of guilt was the product of the *federal* offenses ultimately charged (rather than the burglary). Indeed, the district court seemingly recognized this when it declined the Government's request for a "flight as evidence of guilt" jury instruction, stating "there's no evidence, I can't conceive there'd ever be evidence that he was fleeing not because he was involved in a burglary, but because of these federal crimes. So it would just mislead the jury." J.A. 150. Thus, the district court abused its discretion in allowing the Government to present this same argument in closing.[8]

■ As to Moye's presence at the scene of the crime, mere presence at the scene of a crime, as repeatedly recognized, is insufficient to support a conviction for aiding and abetting. *See, e.g., United States v. Spoone*, 741 F.2d 680, 686 (4th

7. While we established this test in the context of evaluating whether a district court erred in giving a "flight as evidence of guilt" jury instruction, it is also instructive in the context of a closing argument.

8. Harmless error review also applies to the district court's decision to allow this argument in closing. The majority of the Government's closing focused on Moye's presence inside the burglarized store that night. It argued to the jury that Moye would not be

present inside the store in the middle of the night if he was not assisting Briggs and Cooper. The flight argument buttressed this argument by contending that Moye would not have run if he had been present innocently in the store. As we find, *infra* at 216, that Moye's presence in the store alone was insufficient to sustain his convictions, the improper flight argument could not have been harmless because we cannot conclude that the flight argument did not substantially sway the jury's finding of guilt.

Cir.1984); *United States v. Paige,* 324 F.2d 31 (4th Cir.1963); *United States v. Bonty,* 383 F.3d 575, 579 (7th Cir.2004); *United States v. Delgado–Uribe,* 363 F.3d 1077, 1084 (10th Cir.2004); *United States v. Sorrells,* 145 F.3d 744, 753 (5th Cir. 1998). The district court correctly instructed the jury that presence alone was insufficient, stating:

> The mere presence of a defendant where a crime is being committed even coupled with knowledge by the defendant that a crime is being committed or the mere acquiescence by a defendant in the criminal conduct of others even with guilty knowledge is not sufficient to establish aiding and abetting. . . .

J.A. 227.

 While presence at the scene of a crime combined with evidence of participation in the criminal venture could be circumstantial evidence from which a jury might infer aiding and abetting, such is not the case here because no evidence was introduced of Moye's participation in Briggs' and/or Cooper's criminal venture to possess stolen firearms. The Government introduced no evidence that Moye had been previously seen with Briggs and/or Cooper or that he even knew them. Because participation in a criminal venture cannot be inferred from presence alone, the jury had no evidence to link him to the criminal venture. Without any circumstantial evidence demonstrating that Moye participated in the criminal venture, aside from his presence at the scene, the evidence was not sufficient to support a conviction for aiding and abetting.

In light of the lack of any other evidence supporting an inference that Moye aided and abetted the possession of stolen firearms, we find the conclusion inescapable that a reasonable jury could not have found Moye guilty of Count II beyond a reasonable doubt.[9]

### III.

In sum, review of the evidence persuades us that the Government has not carried its burden of proving Moye's guilt on Counts I and II beyond a reasonable doubt. Accordingly, we reverse his convictions on both counts.

*REVERSED.*

HAMILTON, Senior Circuit Judge, dissenting.

Because there is sufficient evidence in the record to support William Moye's convictions on both Counts One and Two of the indictment, I respectfully dissent from the court's decision to reverse the convictions.

### I

At 5:30 a.m. on August 14, 2003, Anne Arundel County police officer Kurt Listman responded to a burglar alarm at Bart's Sporting Goods store at 6814 Richie Highway in Anne Arundel County, Maryland. When Officer Listman arrived, he saw a car parked next to the side door leading into the store. Officer Listman saw a person, who was later identified as Courtney Cooper, behind the wheel of the car, and another person, who was later identified as Jackie Briggs, trying to get into the car.

As Briggs tried to get into the car, Cooper sped off, leaving Briggs behind. Cooper eventually was apprehended after a high-speed chase. Briggs, who fled on foot, was also apprehended. The car was

---

9. We find only that the evidence was not sufficient on the federal crimes of being a felon in possession and possessing stolen firearms. Whether sufficient evidence existed to convict him under state law is not the issue before us.

found to contain thirteen firearms and two more were recovered on Briggs' person.[1] The fingerprints of Cooper, Briggs, and Moye were not found on any of the firearms.

As Officer Listman was "taking off" to chase Cooper, another Anne Arundel County police officer, Matthew Walters, spotted Moye crawling out of the store's side doorway, which was no longer being used as an entrance. In fact, the doorway was blocked by permanent shelving divided into cubbyholes that were approximately eighteen inches by eighteen inches in size. (Government's Exhibits 2c, 2f). Directly on the other side of the cubbyholes was a set of side-by-side doors used to hide, with the use of pegboard and merchandise, the cubbyholes from the store's retail space. (Government's Exhibit 2h). The distance between the side-by-side doors and the store's gun display cabinets, which ran perpendicular to the doors, is approximately three feet. (Government's Exhibits 2g, 2h).

Officer Walters saw Moye crawling out of the store through the cubbyhole below the side door's knob. This cubbyhole was the only one that was not cluttered with boxes and/or store equipment/merchandise. (Government's Exhibits 2c, 2f). After Moye escaped through the cubbyhole, he fled on foot, but was later apprehended.[2]

## II

The majority concludes that there is insufficient evidence in the record to support Moye's convictions under both Counts One and Two. I strongly disagree. In my view, the evidence in the record is more than sufficient to sustain Moye's convictions.

Moye's convictions must be upheld if "there is substantial evidence, taking the view most favorable to the Government," to support them. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir.1996) (*en banc*). Moreover, we can reverse a conviction on insufficiency grounds only when the "prosecution's failure is clear." *United States v. Jones*, 735 F.2d 785, 791 (4th Cir.1984) (citation and internal quotation marks omitted). In evaluating the sufficiency of the evidence to support a criminal conviction, we assume that the jury resolved all contradictions in the testimony in favor of the government. *United States v. Sun*, 278 F.3d 302, 313 (4th Cir.2002). Finally, where the evidence supports differing reasonable interpretations, the jury will decide which interpretation to accept. *United States v. Wilson*, 118 F.3d 228, 234 (4th Cir.1997).

Count One charged Moye with a violation of 18 U.S.C. § 922(g)(1), which makes it unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm, which has been shipped or transported in interstate commerce. 18 U.S.C. § 922(g)(1). Under Count Two, which charged Moye with possessing stolen firearms in violation of 18 U.S.C. § 922(j), the government had to prove that: (1) Moye possessed a firearm described in the indictment; (2) at the time he possessed it, the firearm was sto-

---

1. The car was later determined to be stolen.

2. The side door had pry marks on it, indicating a forced entry. A screw-driver was recov-

ered next to the door, and the government presented evidence that the screwdriver could have been used to make the forced entry.

len; (3) Moye acted knowingly; and (4) the firearm had at some time traveled in interstate commerce. 18 U.S.C. § 922(j).

Under our possession jurisprudence, possession can be actual or constructive. *United States v. Rusher*, 966 F.2d 868, 878 (4th Cir.1992). Constructive possession is established if it is shown "that the defendant exercised, or had the power to exercise, dominion and control over the item." *Id.*

According to the majority, the record evidence falls short of the sufficiency mark because there is no evidence that Moye constructively possessed any of the weapons recovered. To support this conclusion, the majority posits that the "only evidence the Government presented to support constructive possession was that Moye was present in the same location from which the guns were stolen." *Ante* at 213. The majority adds that no fingerprints or other physical evidence linked Moye to the guns. The majority further posits that the "Government did not present testimony that Moye had been seen with any of the guns." *Ante* at 213. Finding that there is no evidence of constructive possession, the majority concludes that the evidence is insufficient to convict on Counts One and Two.

With all due respect to the majority, no leap of faith is necessary to conclude that Moye possessed these weapons as they made their way from the store to Briggs' person and the getaway car. In fact, when the circumstantial evidence is viewed collectively and in a light most favorable to the government, *Glasser*, 315 U.S. at 80, 62 S.Ct. 457, the jury unquestionably was entitled to conclude that Moye entered the store through the uncluttered cubbyhole, broke into the cabinets displaying the firearms, removed the firearms from such cabinets, and then passed them back through the same cubbyhole to the awaiting Briggs, who then put thirteen firearms in the car and kept two for himself.[3]

The circumstantial evidence begins with the manner in which the robbery was carried out. The getaway car's location next to the side door, the forced entry, and the fact that the store had an alarm all suggest that Cooper, Briggs, and Moye knew this was a race against time.

The next two pieces of circumstantial evidence are the size of the cubbyholes blocking the doorway and the fact that only one of the cubbyholes was uncluttered. (Government's Exhibits 2c, 2f). From these facts, the jury was entitled to draw the reasonable inference that only one person, Moye, as opposed to all three individuals, entered the store to retrieve and then remove the firearms. Indeed, given the exceedingly small size of the entry space, it would have made little sense, in terms of efficiency, for Cooper, Briggs, and Moye to enter the store. Clearly, having one person in the store allowed for quick and easy access to everything in the store and allowed the items to be quickly passed through the uncluttered cubbyhole. The jury obviously was entitled to use its common sense and conclude that this tactic made eminently more sense than having two, or perhaps three, people

---

**3.** During its closing argument to the jury, the government made this precise argument to the jury:

> [C]ircumstantial evidence would · indicate that it must have been him that took the guns out of the store. It had to have been him. There was nobody else in the store. And clearly, as common sense indicates, those guns didn't miraculously jump into the back of the car or jump into Briggs' pockets.... Someone had to take those things out, push them through that hole and hand them off to put them in that car and for Jackie Briggs to have them in his pocket and the only person in that store was William Moye.

enter the store through the small cubby-hole.[4]

The final pieces of circumstantial evidence are the time of the forced entry and Moye's flight. Given the hour of the forced entry (5:30 a.m.), the jury was entitled to conclude that Moye was not present at the scene for an innocent purpose. In addition, the jury unquestionably was entitled to draw the reasonable inference that Moye fled because he knew he was prohibited under federal law from possessing firearms. Cf. United States v. Obi, 239 F.3d 662, 665 (4th Cir.2001) ("It cannot be doubted that in appropriate circumstances, a consciousness of guilt may be deduced from evidence of flight and that a jury's finding of guilt may be supported by consciousness of guilt.").

According to the majority, the evidence presented to the jury in this case suggests, at most, that Moye merely was "present in the same location from which [the] guns were stolen." Ante at 213. Of course, the jury was at liberty to reach this same conclusion, but was not required to do so. As discussed above, a second reasonable interpretation of the evidence is that Moye was the inside man in a hit-and-run robbery. In the race against time, the firearms had to quickly make their way from inside the store through the single uncluttered eighteen inch by eighteen inch cubbyhole to Briggs' person and the getaway car. A reasonable interpretation of the record evidence is that Moye crawled into the store, removed the firearms, and then passed them through the cubbyhole to the awaiting Briggs.[5] With two reasonable interpretations available to the jury, it was for the jury, not this court, to decide which version was more credible. Wilson, 118 F.3d at 234.

To be sure, as appellate judges, we enjoy no greater vantage point on appeal than did the jury at trial and we have no right to usurp the jury's role to find facts. Glasser, 315 U.S. at 80, 62 S.Ct. 457. If we did otherwise, we would be doing exactly what the majority has done here—substituting our judgment for that of the jury. In this case, the jury was entitled to reach the reasonable and quite unremarkable conclusion that Moye possessed the firearms as they made their way from the store to Briggs' person and the getaway car.

The only remaining question in the case concerns the district court's aiding and abetting instruction. The majority concedes that the instruction was permissible under Count Two. With regard to Count One, the district court's aiding and abetting instruction was, at most, harmless error. Through the court's instructions, the jury could not have convicted Moye of Count One, which charged him with a felon-in-possession violation, under an aiding and abetting theory because there was no evidence that either Cooper and/or Briggs were felons. Thus, the jury could not have concluded that Moye aided and abetted either Cooper or Briggs in the commission of a felon-in-possession violation. The only way the jury could have convicted Moye under Count One was to conclude

---

4. Along a similar vein, the jury was entitled to view Moye as a prime candidate to be the inside man in the robbery of the firearms. Officer Walters described Moye as a man with a "small frame, small build."

5. The majority makes much of the fact that Moye's fingerprints were not found on any of the firearms. However, as explained by the government's expert witness, more often than not, fingerprints are not recovered from firearms. Indeed, the government's expert noted that firearms are manufactured to prevent the accumulation of fingerprints. Given this testimony, it is not surprising that the fingerprints of Cooper, Briggs, and Moye were not found on any of the firearms.

that Moye actually or constructively possessed the firearms at issue. As noted above, the evidence amply supports the conclusion that Moye possessed the firearms as they made their way from the store to Briggs' person and the getaway car.

For these reasons, I would affirm Moye's convictions.